### WALLACE et al. v. ARKANSAS CENT. R. CO.

(Circuit Court of Appeals, Eighth Circuit. October 27, 1902.)

#### No. 1,612.

1. CARRIERS—TARIFF SCHEDULE FIXED BY STATE COMMISSION—CONSTITUTIONALITY.

A railroad company is entitled to an injunction restraining a state railroad commission from putting in force a proposed tariff schedule where the bill alleges that the rates established by such schedule will amount to a taking of complainant's property without due process of law, by reducing its earnings far below the amount required to pay its operating expenses, taxes, and fixed charges, and the cause is submitted for final decision on demurrer to other paragraphs of the bill, and without any denial of such allegation.

Appeal from the Circuit Court of the United States for the Eastern District of Arkansas.

George W. Murphy, Atty. Gen., for the State.

Oscar L. Miles (George E. Dodge and B. S. Johnson, on the brief), for appellee.

Before SANBORN and THAYER, Circuit Judges, and LOCHREN, District Judge.

THAYER, Circuit Judge. The record in this case discloses that the Arkansas Central Railroad Company, the appellee, filed a bill against Jeremiah G. Wallace, Felix M. Hanley, and Henry W. Wells, composing the board of railroad commissioners of the state of Arkansas, whereby it prayed for an injunction restraining said board of railroad commissioners from putting in force a certain freight tariff applicable to certain railroads in the state of Arkansas, which, by an order of the board, had been adopted and made effective as of August 2, 1900, and declared to supersede all other tariffs then in effect on said railroads. Besides asking for an injunction restraining the commission from putting this tariff in force, the railroad company also asked for an injunction restraining the commissioners from instituting any suits against the complainant for the recovery of any penalties under the laws of the state by virtue of the fact that the complainant had not adopted and made such rates effective on its road as it was ordered to do. At a later date the term of office of Henry W. Wells, one of the commissioners, having expired, and Abner Gaines having been elected in his place, he was substituted as one of the defendants in place of Wells. On the presentation of the bill of complaint to the honorable Jacob Trieber, United States district judge for the Eastern district of Arkansas, a temporary restraining order, such as was asked, was granted at chambers on August 2, 1900. At a later date, to wit, on August 14, 1900, the complainant company obtained leave to file an amended or substituted bill of complaint, which was thereupon filed. It will suffice to say, of the original and substituted bills, that by the fifth and tenth paragraphs thereof it was charged, in substance, that the effect of the freight tariff which had been put in force by the order of the commission was to establish a joint through rate as between the complainant and connecting carriers, and it was averred that by the laws of the state of Arkansas, under which the commission acted, no power or authority was given to it to establish a joint through tariff as between the complainant company and other railroads upon freight which was carried wholly within the state, and that the tariff which the commission had attempted to put in force was void and illegal for that reason. In another paragraph of the original and substituted bills, being paragraph 7, the complainant alleged that the schedule of rates which had been put in force by the commission as of August 2, 1900, and concerning which complaint was made as above,—because it established a joint through rate,—would, if put in force, reduce the revenues of the complainant to the extent of 33⅓ per cent. below its present revenue, and would amount to a confiscation of the complainant's railroad property, and have the effect, if put in force, of taking the complainant's property for public use without just compensation, in violation of the provisions of the constitution of the United States.

The defendants below, who are the appellants in this court; filed an answer to the original and substituted bills on February 2, 1901; but subsequently, on April 25, 1901, they appeared by their solicitor, and by leave of court withdrew the aforesaid answer, and filed a demurrer to paragraphs 5 and 10 of the complaint, which, as before stated, averred, in substance, that the laws of the state of Arkansas did not vest in the commission the power to establish joint rates be-

tween connecting carriers, such as the commission had attempted to establish. On the hearing of the demurrer to the fifth and tenth paragraphs of the bill the same was overruled. The defendants thereupon declined to plead further, and an order was subsequently entered making the temporary injunction perpetual, and adjudging that the complainant recover its costs and have execution therefor. In other words, a final decree was entered in favor of the complainant below. The case comes to this court on appeal from the last-mentioned decree.

It is obvious, we think, that no relief can be afforded to the appellants in this court, whether the action of the lower court upon the demurrer to the fifth and tenth paragraphs of the bill was erroneous or otherwise. Both the original and substituted bills contained a specific allegation that the tariff schedule which had been put in force by the commission, and made effective as of August 2, 1900, would reduce the complainant's earnings to such an extent as would amount to a taking of its property for public use without just compensation. It was averred in that paragraph of the bill that such would be the effect of the proposed schedule, because the income which the complainant was at the time deriving from all sources, by the use of its property, was not sufficient, under the existing schedule of rates, to enable the company to pay its operating expenses, taxes, and fixed charges, and that the proposed schedule of rates would yield far less than the existing schedule. In view of the action taken by the defendants when their demurrer to the fifth and tenth paragraphs of the bill was overruled, these allegations stood confessed; and, such being the case, the decree of the lower court was clearly right under repeated decisions of the supreme court of the United States holding that a state law or regulation establishing rates for the transportation of persons or property, such as will not admit of the carrier earning such a compensation as under all the circumstances of the case is just to it and the public, operates to deprive the company of its property without due process of law, and to deny to it the equal protection of the law, in violation of the fourteenth amendment to the federal constitution. Smyth v. Ames, 169 U. S. 466, 522, 523; 18 Sup. Ct. 418, 42 L. Ed. 819; Reagan v. Trust Co., 154 U. S. 362, 14 Sup. Ct. 1047, 38 L. Ed. 1014. It may be that the failure of the defendants below to deny the allegations contained in the seventh paragraph of the bill was due to an oversight, but if such was the fact the mistake cannot be remedied in this court.

Upon the face of the record and the admitted facts, the decree below was clearly right, and it should be affirmed. It is so ordered.