TSOI YII v. UNITED STATES. YEE YUEN v. UNITED STATES. CHEUNG HIM NIM v. UNITED STATES. CHEW HING v. UNITED STATES. LEE YUE v. UNITED STATES. CHIN CHEW FONG v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. April 4, 1904.)

1. CHINESE EXCLUSION—REVIEW OF ORDER OF DEPORTATION—JURISDICTION OF CIRCUIT COURT OF APPEALS.

Under section 6 of Act March 3, 1891, creating the Circuit Courts of Appeals (26 Stat. 828, c. 517 [U. S. Comp. St. 1901, p. 549]), which gives such courts the power to review by appeal or writ of error final decisions in the District Court, an appeal lies to such court from a judgment of a District Court rendered on an appeal from an order of a commissioner for the deportation of a Chinese person arrested under section 13 of the exclusion act of September 13, 1888, c. 1015, 25 Stat. 479 [U. S. Comp. St. 1901, p. 1317], which authorizes an appeal from a conviction before a commissioner to "the judge of the District Court for the district."

Appeals from the District Court of the United States for the Northern District of California.

C. T. Hughes, Frank V. Bell, and Dibble & Dibble, for appellants.
Duncan E. McKinlay, for the United States.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge. The appellants in these cases, Chinese persons, were prosecuted before a United States commissioner under section 13 of the Chinese exclusion act of September 13, 1888, c. 1015, 25 Stat. 479 [U. S. Comp. St. 1901, p. 1317]. The commissioner in each case adjudged that they were unlawfully in the United States, and that they be deported. Appeals from his judgments were taken to the judge of the District Court for the Northern District of California. Judgments were made and entered in that court affirming the judgments of the commissioner. From the judgments of the District Court, appeals were taken to this court. The appellee now moves to dismiss on the ground that no appeal lies from the decision of the district judge. Section 13 of the act of September 13, 1888, under which the appeals were taken, provides as follows:

"That any Chinese person or persons of Chinese descent found unlawfully in the United States or its territories may be arrested upon a warrant issued upon a complaint, under oath, filed by any person on behalf of the United States, by any justice, judge or commissioner of a United States court, returnable before any justice, judge or commissioner of a United States court, or before any United States court, and when convicted upon a hearing and found and adjudged to be not lawfully entitled to be and remain in the United States, such person shall be removed from the United States to the country whence he came. But any such Chinese person convicted before a commissioner of a United States court may, within ten days from such conviction, appeal to the judge of the District Court for the district."

It is contended that all legislation relating to the Chinese is special, that the section above quoted gives the right of appeal only from the ruling of a commissioner to the judge of the District Court, and that the decision of such district judge is not the judgment of the court, and is not a final decision appealable to this court, such as is contemplated by section 6 of the act of March 3, 1891, c. 517, 26 Stat. 828 [U. S. Comp. St. 1901, p. 549], establishing the Circuit Courts of Appeals, and providing that they shall exercise appellate jurisdiction to review by appeal or writ of error final decisions in the District Court. In the case of United States v. Gee Lee, 50 Fed. 271, 1 C. C. A. 516, the phrase "the District Judge of the district," as used in section 13 of the act of September 13, 1888, was construed, and was held to be the equivalent of the words "District Court of the district." Judge Deady, who delivered the opinion of the court in that case, said:

" 'Judge of the District Court' and 'District Court' are not, strictly speaking, convertible terms. But they are so in a popular sense, and it is safe to assume that Congress, in the use of the former phrase in this connection, intended to give the party an appeal to the District Court of the district."

In Chow Loy v. United States, 112 Fed. 354, 50 C. C. A. 279, the Circuit Court of Appeals for the First Circuit criticised the decision in the Gee Lee Case, and held that the appeal to the judge of the District Court for the district is to the judge as a special tribunal, and not to the District Court. In support of that view the court re-

ferred to the decision in Fong Yue Ting v. United States, 149 U. S. 698, 728, 13 Sup. Ct. 1016, 1028, 37 L. Ed. 905, where it was said:

"The designation of the judge in general terms as a United States judge is an apt and sufficient description of a judge of a court of the United States, and is equivalent to or synonymous with the designation, in other statutes, of the judges authorized to issue writs of habeas corpus or warrants to arrest persons accused of crime. Rev. St. §§ 752, 1014 [U. S. Comp. St. 1901, pp. 592, 716]."

And the Circuit Court of Appeals, arguendo, referred to Carper v. Fitzgerald, 121 U. S. 87, 7 Sup. Ct. 825, 30 L. Ed. 882, where it was held that no appeal lies to the Supreme Court from the order of a circuit judge made in chambers as a judge, and not as a court, discharging a person brought before him on a writ of habeas corpus. But in the case of Fong Yue Ting the remarks of the court above quoted were not directed to the provision of the act providing for an appeal to the district judge from a commissioner's decision. They had reference to the language of section 6 of the act of May 5, 1892, c. 60, 27 Stat. 25 [U. S. Comp. St. 1901, p. 1321], and the portion thereof which provides that a Chinese laborer who shall neglect or fail to apply for a certificate of residence within the year therein prescribed "may be arrested by any customs official, collector of internal revenue or his deputies, United States marshal or his deputies, and taken before a United States judge," and that it shall thereupon be the duty of a judge to order that the laborer be deported from the United States.

We think the whole question of our right to entertain these appeals is determined by the decisions of the Supreme Court in United States v. Mrs. Gue Lim, 176 U. S. 459, 20 Sup. Ct. 415, 44 L. Ed. 544, Chin Bak Kan v. United States, 186 U. S. 193, 22 Sup. Ct. 891, 46 L. Ed. 1121, and Ah How v. United States and the other cases therewith decided on February 23, 1904 (not yet officially reported) 24 Sup. Ct. 357, 48 L. Ed. ——. In the first of those cases certain Chinese had by the United States commissioner been adjudged to be unlawfully within the United States. They appealed, and the District Court held that they were lawfully entitled to be and remain in the United States. An appeal was taken to the Supreme Court, and that court affirmed the judgment of the District Court. In the Chin Bak Kan Case the appellant was arrested under the provisions of section 13 of the act of September 13, 1888, and was by a commissioner adjudged to be unlawfully in the United States, and ordered to be deported. An appeal was taken from the judgment of deportation rendered by the commissioner to the judge of the District Court of the United States for the Northern District of New York. That court affirmed the judgment. From that judgment an appeal was taken to the Supreme Court under section 5 of the act of March 3, 1891, 26 Stat. 827, on the ground that the construction of the treaty of 1894 was drawn into question. The Supreme Court entertained the appeal, and, in its opinion affirming the judgment appealed from, quoted the provisions of section 13 of the act of September 13, 1888, under which the arrest was made. The case of Ah How was a similar one. Mr. Justice Holmes, in delivering the opinion of the court, said, "These are appeals from judgments of the United States District Court con-

firming decisions of a commissioner, and adjudging that the appellants be removed from the United States to China," and the court affirmed the judgments of the District Court.

If appeals could be taken in those cases to the Supreme Court, they could be entertained only on the ground that the decision of the district judge on an appeal from the commissioner's decision was the judgment of the District Court, and, as such, a final decision, from which an appeal could be taken. It is true that in neither of those decisions was discussion had of that precise question, but it is not to be supposed that the Supreme Court did not consider all the terms of the act authorizing the judgment from which the appeal was prosecuted, and did not have in mind and pass upon the question of its own jurisdiction. On the authority of those decisions, the motions to dismiss will be overruled.