194 U.S. 194 (1904)
THE UNITED STATES, PETITIONER.
No. 16. Original.
Supreme Court of United States.
Submitted April 18, 1904
Decided May 2, 1904.
Mr. Solicitor General Hoyt and Mr. Assistant Attorney General McReynolds for the United States.
No appearance or brief filed for respondents.
MR. CHIEF JUSTICE FULLER delivered the opinion of the court.
This is a petition for a writ of mandamus, commanding the judge of the District Court of the United States for the Northern District of Ohio to direct the entry on the records of that court of final judgment in the cases of The United States v. Jock Coe, Bong Meng, and Woo Joe, and that the clerk enter the same; and that the cases be treated as properly appealed from the United States commissioner before whom they had been heard in the first instance and as having been before the District Court for determination. The complaint against Coe was made before a United States commissioner for the Northern District of Ohio, charging that Coe, a Chinese person, was within the United States at Cleveland, Ohio, contrary to law, and a warrant was duly issued and executed, whereupon the commissioner found Coe guilty and ordered him to be deported. *195 Coe appealed "to the District Court of the United States in and for the Northern District of Ohio, and the judge of said court," and the commissioner transmitted a copy of the proceedings before him and the accompanying papers "into the District Court of the United States," as his certificate stated. The transcript was filed by the clerk of the District Court and was marked as filed among the papers pertaining to the case. Subsequently a hearing was had and section thirteen of the act of Congress of September 13, 1888, was held to be unconstitutional, and Coe was discharged, to which exception was taken. Motion for new trial was made and overruled, and a bill of exceptions was duly settled and signed by the District Judge. The United States applied to the clerk to file the bill of exceptions and various papers as part of the record of the District Court, and to prepare a certified transcript thereof; but the clerk declined to do this under instruction of the judge, and furthermore stated that so many of the papers as were marked filed "had been so marked by mistake." The United States thereupon requested the judge in writing to order the clerk to file in the District Court all the papers in the proceedings and to make the necessary entries in regard thereto, and to prepare a certified transcript thereof, in order that a complete record of the same might be preserved, to be used on an appeal taken to this court. The request was refused on the ground that the proceedings on appeal from the commissioner had been had before the judge as judge and not before the District Court.
Leave having been granted to file the petition and a rule having been entered thereon, return thereto has been duly made. The return of the judge states that in the proceedings against Coe, which were described in the bill of exceptions, a copy of which was attached to the petition for mandamus as an exhibit, he had denied as judge the order applied for, although he had allowed an appeal of the cause to the Supreme Court of the United States; that he had adopted this course because he was of opinion that section thirteen gave jurisdiction on appeal to respondent as judge, but did not give *196 jurisdiction to the District Court to hear such appeal; and that said appeal was heard by respondent as judge and not in the District Court; that the clerk should not be ordered to make the proceedings matter of record in the District Court because there was no provision of law requiring the clerk to record proceedings other than those occurring in the court.
It seems that the judge allowed a writ of error, but only to his action as judge, and even if it could be held to run to the District Court, it would be equally unavailing in the absence of final judgment in that court and of the filing of the bill of exceptions. As we understand this record, if the appeal from the commissioner under section 13 was an appeal to the District Court, then it follows that the commissioner's transcript and other papers pertaining to the case should be filed and the judgment be entered in that court, and an appeal will bring the cause before us. In other words, the District Court will not have lost jurisdiction because of the view taken by the District Judge, and the final order may be entered as the final judgment of the court.
Section 13 of the act of September 13, 1888, 25 Stat. 476, c. 1015, provides: "That any Chinese person, or person of Chinese descent, found unlawfully in the United States, or its Territories, may be arrested upon a warrant issued upon a complaint, under oath, filed by any party on behalf of the United States, by any justice, judge, or commissioner of any United States court, returnable before any justice, judge, or commissioner of a United States court, or before any United States court, and when convicted upon a hearing, and found and adjudged to be one not lawfully entitled to be or remain in the United States, such person shall be removed from the United States to the country whence he came. But any such Chinese person convicted before a commissioner of a United States court may, within ten days from such conviction, appeal to the judge of the District Court for the district."
Many cases may be found in which the words "court" and "judge" were held to have been used interchangeably, and in *197 Foote v. Silsby, 1 Blatch. 542, Mr. Justice Nelson was of opinion that the Circuit Judge sitting at chambers was the Circuit Court in the usual and proper sense of the term and within the meaning of the seventeenth section of the Patent Act of July 4, 1836, 5 Stat. 117, c. 357.
In Porter ads. United States, 2 Paine, 313, Judge Betts said: "It is not an unusual use of language, in the statutes, to put the judge for the court, and to make provisions for him to execute which can only be executed in court." It was held that a statute authorizing a party "to prefer a bill of complaint to any District Judge of the United States," referred to the District Court and not to the judge as an individual.
The construction put upon section thirteen in practice has been quite general that the appeal to the District Judge is in effect an appeal to the District Court.
In 1892 the Circuit Court of Appeals for the Ninth Circuit so held, in United States v. Gee Lee, 50 Fed. Rep. 271, and that the Circuit Court of Appeals had jurisdiction over the judgment of the District Court under section six of the judiciary act of March 3, 1891. The Circuit Court of Appeals was of opinion that the words "the judge of the District Court for the district" could and should be held equivalent to the words "the District Court for the district," and that, while they were not, strictly speaking, convertible terms, they were so in a popular sense; "and it is safe to assume that Congress, in the use of the former phrase in this section, intended to give the party an appeal to the District Court of the District."
In United States v. Pin Kwan, 100 Fed. Rep. 609, decided February 28, 1900, the Circuit Court of Appeals for the Second Circuit sustained a writ of error to review the decision of the District Court, (94 Fed. Rep. 824,) in which an order of deportation by a United States commissioner had been reversed by the District Court. Of course the Circuit Court of Appeals took jurisdiction on the theory that the statute provided for appeals from the commissioner to the District Court. And see United States v. Ham Toy, 120 Fed. Rep. 1022.
*198 A different view was expressed by the Circuit Court of the First Circuit in the case of Chow Loy, 110 Fed. Rep. 952, in September, 1901, a proceeding in habeas corpus, and in the same case on appeal in the succeeding November, 112 Fed. Rep. 354; and the original ruling was reiterated by the Circuit Court of Appeals for the Ninth Circuit in Tsoi Yii v. United States, April 4, 1904, not yet reported, in which the case of Chow Loy was considered.
In United States v. Mrs. Gue Lim, 176 U.S. 459, decided February 26, 1900, this court entertained jurisdiction of several distinct appeals from the District Court for the District of Washington. In the case of Mrs. Gue Lim a warrant had been issued and her discharge ordered by the District Court, but in the other cases the proceedings were had before a United States commissioner, and from his judgment of deportation the cases had been taken to the District Court, which reversed his decision. The judgments of the District Court were affirmed by this court.
By the first section of the act April 29, 1902, 32 Stat. 176, c. 641, section 13 of the act of 1888 was, together with some other sections, reenacted, and we think it not unreasonable to conclude that Congress accepted the view we had indicated, and by its action removed any doubt on the question.
Shortly after the approval of that act, in Chin Bak Kan v. United States, 186 U.S. 193, we took jurisdiction of an appeal from the judgment of the District Court for deportation on an appeal from the United States commissioner to the District of New Court of the United States for the Northern District of New York, and we observed: "Something is said in respect of want of jurisdiction in the commissioner because section six of the act of 1892 provides that Chinese laborers without certificates may be `taken before a United States judge;' but we concur in the views of the Circuit Court of Appeals for the Ninth Circuit in Fong Mey Yuk v. United States, 113 Fed. Rep. 898, that the act is satisfied by proceeding before `a justice, judge, or commissioner.' These are the words used in section twelve of the *199 act of 1882; section twelve of the act of 1884; section thirteen of the act of 1888; and section three of the act of 1892; while the first section of the act of March 3, 1901, explicitly authorizes the District Attorney to designate the commissioner before whom the Chinese person may be brought. The words `United States judge,' `judge' and `court,' in section six, seem to us to refer to the tribunal authorized to deal with the subject, whether composed of a justice, a judge, or a commissioner. A United States commissioner is a quasi-judicial officer, and in these hearings he acts judicially. Moreover, this case was taken by appeal from the commissioner to the judge of the District Court, and his decision was affirmed, so that there was and adjudication by a United States judge in the constitutional sense as well as by the commissioner acting as a judge in the sense of the statute." . . . " Section thirteen of the act of, September 13, 1888, provides that any Chinese person, or person of Chinese descent, found unlawfully in the United States, may be arrested on a warrant issued upon a complaint under oath, `by any justice, judge, or commissioner of any United States court,' and when convicted, on a hearing, and found and adjudged to be one not lawfully entitled to be or remain in the United States, shall be removed to the country whence he came. `But any such Chinese person convicted before a commissioner of the United States court may, within ten days from such conviction, appeal to the judge of the District Court for the district.' It seems to have been assumed, during the years following the date of the act, and is conceded by the United States, that although most of its provisions were dependent upon the ratification of the treaty of March 12, 1888, and failed with the failure of ratification, that this section is in and of itself independent legislation and in force as such. Accordingly in this case an appeal was taken from the judgment of deportation rendered by the commissioner to the judge of the District Court of the United States for the Northern District of New York, and, upon hearing, the District Court affirmed that judgment. From the judgment of the *200 District Court, this appeal was taken under section five of the act of March 3, 1891, on the ground that the construction of the treaty of 1894 was drawn in question."
In the cases of Ah How v. United States, 193 U.S. 65, and Tom Hong v. United States, 193 U.S. 517, decided at this term, we disposed of sundry appeals from a District Court to which the cases had been brought on appeal from a United States commissioner. Our jurisdiction was directly challenged by the government and attention was called to the conflicting decisions of the Circuit Courts of Appeals for the Ninth Circuit in United States v. Gee Lee, and for the First Circuit in Chow Loy v. United States, on the question whether the appeal was to the District judge or to the District Court, but we maintained jurisdiction and affirmed the judgments of the District Court in some of the cases, and reversed the judgments and discharged the appellants in others. In these cases the District Court would not have had jurisdiction if the statute confined appeals from the commissioner to appeals to the judge individually.
While it must be admitted that the proper construction of section 13 is not free from difficulty, we are not willing to change the construction we have heretofore repeatedly recognized as correct, and which we think has been adopted by Congressional legislation. That construction enables uniformity in the administration of the laws on this important subject to be attained by securing uniformity in judicial decision, and operates as a safeguard against injustice.
We assume that the other two cases are in substance the same as that of Coe.
The result is that we hold that the relief sought should be granted, but as we do not doubt it will be accorded on the expression of our conclusion, the order will be
Petitioner entitled to mandamus as prayed.