### YEE YUEN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. Oct. 3, 1904.)

No. 1,019.

1. CHINESE EXCLUSION—FAILURE TO PROCURE CERTIFICATE—EVIDENCE TO EXCUSE.

Evidence considered, and *held* insufficient to establish clearly that a Chinese laborer who testified that he was a resident of the United States on May 5, 1892, and who failed to procure a certificate of residence, was unable to do so "by reason of accident, sickness or other unavoidable cause," as required by the Chinese exclusion act of May 5, 1892, c. 60, 27 Stat. 25, as amended by Act Nov. 3, 1893, c. 14, 28 Stat. 7 [U. S. Comp. St. 1901, p. 1320], and a judgment ordering his deportation affirmed.

Appeal from the District Court of the United States for the Northern District of California.

Bell & Straus, for appellant.

Marshall B. Woodworth, U. S. Atty.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

HAWLEY, District Judge. The principles announced by this court in Tsoi Yii et al. v. United States (C. C. A.) 129 Fed. 585, as to the right of Chinese defendants in cases of this character to take an appeal to this court from the decision of the District Court, have been affirmed by the Supreme Court. United States, Petitioner, 194 U. S. 194, 24 Sup. Ct. 629, 48 L. Ed. 931. The appeals will be considered upon the facts presented in each case.

This appellant was arrested upon a warrant charging him with being a Chinese manual laborer within this district "without the certificate of residence required by the act of Congress entitled 'An act to prohibit the coming of Chinese persons into the United States,' approved May 5, 1892 (Act May 5, 1892, c. 60, 27 Stat. 25), and the act amendatory thereof approved November 3, 1893 (Act Nov. 3, 1893, c. 14, 28 Stat. 7 [U. S. Comp. St. 1901, p. 1320]), and the act of Congress approved April 29, 1902 (Act April 29, 1902, c. 641, 32 Stat. 176 [U. S. Comp. St. Supp. 1891])." The entries from the commissioner's docket contained in the record in this case show that on September 29, 1903, ap-

¶ 1. Citizenship of Chinese, see notes to Gee Fook Sing v. United States, 1 C. C. A. 212; Lee Sing Far v. United States, 35 C. C. A. 332.

pellant was brought before the commissioner, and was then "informed of the charge against him, and of his right to the aid of counsel"; and the cause was then set for hearing on October 1st at 10 a. m., and on motion of the United States attorney the cause was set for hearing at 2 p. m. of said day. The defendant was then sworn and examined, and testified as follows:

"The Commissioner: Q. Where were you born? A. In China. Q. When did you first come to the United States? A. In the fifth year of Kwong Sue. Q. What have you been doing since you came? A. Laundry. Q. Have you always been a laborer? A. Yes, sir. Q. Were you registered? A. No, sir; I was sick at the time of the registration. Q. Where were you? A. Here in San Francisco. The Commissioner: I order you deported."

This was all the testimony that was offered.

The commissioner held that appellant had not "clearly established that by reason of accident, sickness, or other unavoidable cause he has been unable to procure such certificate." Thereafter, on October 14, 1903, the case having been regularly brought before the District Court by an appeal from the commissioner's decision, appellant appeared by counsel, and asked leave to introduce additional testimony. This motion was denied. The case was then heard upon the record from said commissioner, and the court ordered "that the judgment of deportation by U. S. Commissioner E. H. Heacock be, and the same is hereby, affirmed," to which order the appellant then and there excepted. The appeal herein is taken from said judgment. Numerous assignments of error are made, all of which have been carefully examined.

Section 3 of the act of May 5, 1892, c. 60, under which appellant was arrested, provides "that any Chinese person or person of Chinese descent arrested under the provisions of this act or the acts hereby extended, shall be adjudged to be unlawfully within the United States unless such person shall establish, by affirmative proof, to the satisfaction of such justice, judge, or commissioner, his lawful right to remain in the United States." 27 Stat. 25 [U. S. Comp. St. 1901, p. 1320]. In the amendatory act of November 3, 1893, c. 14, it is made the duty of the District Judge "to order that he be deported from the United States, as provided in this act and in the act to which this is an amendment, unless he shall establish clearly to the satisfaction of said judge that by reason of accident, sickness, or other unavoidable cause he has been unable to procure his certificate, and to the satisfaction of said United States judge, and by at least one credible witness other than Chinese, that he was a resident of the United States on the fifth of May, eighteen hundred and ninety-two." 28 Stat. 7 [U. S. Comp. St. 1901, p. 1320]. The evidence given by appellant was insufficient to establish clearly that, by reason of sickness, appellant was unable to procure his certificate. There is nothing in the proceedings had before the commissioner or in the District Court showing that any of the steps taken were inconsistent with the treaty obligations between the United States and China of December 8, 1894 (28 Stat. 1210).

Appellant was not refused the assistance of counsel. He had the opportunity to employ counsel, and there was granted to him sufficient time for that purpose. When first brought before the commissioner he was, through an interpreter, fully informed of his rights in this regard.

He did not at the time of the hearing ask for any continuance in order to enable him to employ counsel. Moreover, when the cause came before the District Court, appellant was represented by counsel. It appears that a motion was then made to introduce additional testimony, but there is nothing in the record to show its nature or character. The facts, whatever they were, were presented to the court; and it is fair to presume, in the absence of any showing to the contrary, that the court did not err in refusing to reopen the case.

The appeal herein is without merit. The judgment of the District Court is affirmed.