In re LAM JUNG SING.

(District Court, W. D. New York. February 1, 1907.)

ALIENS—PROCEEDINGS FOR DEPORTATION OF CHINESE—RIGHT TO TAKE DEPOSI-
TIONS.

Proceedings brought under the Chinese exclusion act for the deporta-
tion of a Chinese person are civil, and not criminal, and a defendant claim-
ing to be a native of the United States may avail himself of the right
given by Rev. St. § 863 [U. S. Comp. St. 1901, p. 661], to take and use
depositions de bene esse.

Donald Bain, for the United States.
Hamilton Ward, for Lam Jung Sing.

HAZEL, District Judge. In this proceeding under the Chinese exclusion act depositions de bene esse were taken by the defendant. The United States objects to the testimony on the ground that the proceeding is statutory and the court has not the power to consider such testimony. I think section 863 of the Revised Statutes of the United States is broad enough to permit the reading of the depositions [U. S. Comp. St. 1901, p. 661]. The decisions have frequently held that proceedings under the Chinese exclusion act are not criminal in their nature, and such proceedings have been regarded as analogous to a civil case. Fong Yue Ting v. United States, 149 U. S. 730, 13 Sup. Ct. 1016, 37 L. Ed. 905; United States v. Lee Huen (D. C.) 118 Fed. 422–446. See, also, In re United States, Petitioner, 194 U. S. 194, 24 Sup. Ct. 629, 48 L. Ed. 931.

It will not be disputed that the pending proceeding relates to the defendant's personal rights, and certainly the enforcement of such rights are civil, as distinguished from criminal. The defendant claims that he was born in the United States, and the burden of proof is upon him to establish his right to remain in this country. Compliance by him with the provisions of the statute in this regard would be difficult unless the dynamics of the statute by which testimony is brought to the attention of courts of justice are at his disposal. The case of United States v. Hom Hing (D. C.) 48 Fed. 635, relied upon by the attorney for the United States, is not controlling of the question here involved. In that case the court held that the United States commissioner before whom the proceeding was pending did not have the power to issue a commission dedimus potestatem under section 866 of the Revised Statutes. It is true the case holds by implication that the commissioner cannot consider testimony taken de bene esse, but since that decision there have been decisions by the Supreme Court, supra, which hold that proceedings under the Chinese exclusion act are not criminal, and although not holding them to be civil cases, I think they are closely allied, and therefore the depositions filed with the clerk of this court herein may be opened.

The proceeding is referred back to the commissioner, with instructions to consider the depositions and such other evidence as may be offered by either party in connection with the testimony already taken.