Ex parte WING YOU.

(Circuit Court of Appeals, Ninth Circuit. September 5, 1911.)

No. 1,928.

1. HABEAS CORPUS (§ 92*)—CHINESE DEPORTATION PROCEEDINGS—SCOPE OF
INQUIRY.

On a writ of habeas corpus to obtain the discharge of a Chinese person
held under a deportation order, the court is bound in limine to deter-
mine whether the alien had in fact been denied a fair and impartial
hearing on his application to enter the United States, and, if not, the
court's jurisdiction is at an end.

[Ed. Note.—For other cases, see Habeas Corpus, Dec. Dig. § 92.*]

2. ALIENS (§ 32*)—CHINESE.

Rev. St. § 866 (U. S. Comp. St. 1901, p. 664), provides that any Circuit
Court, on application to it as a court of equity, may, according to the
usages of chancery, direct depositions to be taken in perpetuam rei me-
moriam, if they relate to any matters that may be cognizable in any
court of the United States. Held, that where a Chinese person, going to
China, applied to perpetuate testimony with reference to his citizenship,
and under an order appointing a referee to take such testimony and on
notice to the United States introduced evidence that he was an Amer-
ican-born citizen, and filed the same in the regular way, such depositions,
not being taken to be used in any court of the United States, but before
the immigration officer on the person's return from China, were not con-
clusive on the United States of the fact of citizenship, and did not pre-
vent such officers from denying entry, on the ground that the applicant
was an alien Chinese person, not entitled to enter, established by other
proof.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 32.*

What Chinese persons are excluded from the United States, see note
to Wong You v. United States, 104 C. C. A. 538.]

Appeal from the District Court of the United States for the North-
ern Division of the Western District of Washington.

Application of Chin Leong for a writ of habeas corpus for Wing
You. From an order discharging the latter from the custody of Ellis
De Bruler, Immigration Commissioner, he appeals. Reversed, with
directions to dismiss the writ.

Elmer E. Todd, U. S. Atty., and Charles T. Hutson, Asst. U. S.
Atty., for appellant.

Kerr & McCord, for appellee.

Before GILBERT and MORROW, Circuit Judges, and WOL-
VERTON, District Judge.

MORROW, Circuit Judge. The appellee, Wing You, a Chinese
person, seeks admission to the United States as a returning native-
born citizen. He was denied admission after the usual investigation by
the appellant, commissioner of immigration at Seattle, Wash. An
appeal from the order of rejection was taken to the Secretary of Com-
merce and Labor, and after consideration the appeal was dismissed,
and the order of rejection affirmed. While being detained at Seattle,
his port of entry, awaiting deportation, in accordance with the order

of the Secretary of Commerce and Labor, the appellee, through one Chin Leong, filed a petition in the United States District Court for the Western District of Washington, Northern Division, praying for a writ of habeas corpus, alleging, among other things, that Wing You was a native-born citizen of the United States, and was entitled to admission therein; that he had resided in the United States for some time prior to the 13th day of July, 1908, when he departed from the United States for the Empire of China; that before departing he made an application to the United States Circuit Court for the Western District of Washington for an order permitting him to perpetuate the testimony of certain witnesses as to his citizenship and as to his birth in the United States; that an order permitting the taking of testimony touching his citizenship and his right to remain in and re-enter the United States was duly made and entered by said court, and notice of the time and place of the taking of such testimony was given the United States district attorney for the Western District of Washington; that testimony was taken before a United States commissioner appointed for the purpose of taking such testimony, and that the United States attorney appeared at such hearing and cross-examined the witnesses whom the said Wing You produced to testify as to his birth and citizenship; that thereafter the testimony was taken and filed in said court, and said Wing You departed for China; that on the 11th day of June, 1910, said Wing You arrived at the port of Seattle, and made application to enter the United States; that the commissioner of immigration at Seattle, in considering the application of Wing You to re-enter the United States, refused to take into consideration the testimony so perpetuated. It is further alleged that Wing You was not given a fair and impartial hearing on his application to re-enter the United States by the commissioner of immigration at Seattle, and other officers of the Bureau of Immigration of the Department of Commerce and Labor.

Thereupon the writ of habeas corpus, as prayed for, was granted by the District Court. Thereafter the matter came up for hearing in open court, upon the petition for writ of habeas corpus and the answer and return of appellant thereto; said answer and return including the record of the hearing before the Bureau of Immigration. Thereafter the court directed the discharge of Wing You from custody. An order of discharge was signed and filed, from which order this appeal is taken.

The order of discharge recites the proceedings taken in the admission of the appellee into the United States in 1901, upon the claim that he was a native-born citizen of the United States and the son of a merchant then a resident of the United States; that the appellee remained in the United States until the year 1908, and desiring to visit his parents, then in China, he filed a petition in court, setting forth his citizenship in the United States and his desire to take testimony for the purpose of establishing his status as a native-born citizen and his right to re-enter the United States; that his petition was referred to a commissioner of the court to take testimony, and testimony was thereupon taken in his behalf; that an assistant United States attorney

appeared on behalf of the commissioner of immigration at Seattle and cross-examined the witnesses introduced on behalf of the appellee; that by such testimony it was established that appellee was a native-born citizen of the United States; that after such testimony was taken. it was extended and filed in court, and a certified copy thereof procured, and a photograph of the appellee was attached thereto for the purpose of identification; that such certified copy was delivered to the appellee, to be taken by him on his voyage to China, for the purpose of identification when he should return to the United States; that upon his return the commissioner of immigration and local inspector at Seattle refused to admit the appellee, or to accept the proofs and instrument of identification, and denied the appellee. admission into the United States. The order further recites that by reason of the premises, and by reason of the proofs in the case that the appellee is a native-born citizen of the United States; that when he desired to leave the United States he treated the government with the greatest fairness, advising it of his purpose and affording it an opportunity to contest his proofs, if it saw fit to do so; and that the government was estopped to deny the said appellee admission or to question his status as a native-born citizen of the United States. Wherefore it was ordered that the appellee should be discharged from the custody of the United States marshal, the officers of immigration, or any other person who might claim to have him in custody on behalf of the United States.

[1] The first question the court was called upon to determine was whether the appellee had in fact been denied a fair and impartial hearing on his application to re-enter the United States. If not, the Circuit Court could proceed no further. As said by the Supreme Court in Chin Yow v. United States, 208 U. S. 8, 13, 28 Sup. Ct. 201, 203, 52 L. Ed. 369:

"But unless and until it is proved to the satisfaction of the judge that a hearing, properly so called, was denied, the merits of the case are not open. and, we may. add, the denial of a hearing cannot be established by proving that the decision was wrong."

[2] The lower court did not pass upon this question, but in the order discharging the appellee from custody the court held that the testimony taken on behalf of the appellee upon his departure from the United States in 1908 established the fact that he was a native-born citizen of the United States, and that, because the United States had the opportunity to try out that question then, it was estopped to deny the right of the appellee to be admitted into the United States, or question his status as a native-born citizen of the United States.

We know of no law giving such effect to testimony of the character under consideration. The certificate of the United States commissioner before whom this testimony was taken is entitled, "In the Matter of the Application of Wing You to Have Depositions Taken in Perpetuam Rei Memoriam," and recites that "the following depositions were taken and proceedings had"; that Wing You, the applicant, William Morris, and C. D. Gaylord were called on behalf of the applicant, sworn and testified as recited in the depositions. It is fur-

ther recited that Mr. Newcomb, of Kerr & McCord, appeared as attorney for Wing You, and Mr. Charles T. Hutson, assistant United States attorney, appeared for the United States.

The taking of testimony by deposition is a creature of the statute. United States v. Hom Hing (D. C.) 48 Fed. 635. We are not aware of any statute or rule of court authorizing the perpetuation of testimony for use in these summary proceedings before the officers of immigration. Section 866 of the Revised Statutes (U. S. Comp. St. 1901, p. 664) provides that:

"Any Circuit Court, upon application to it as a court of equity, may, according to the usages of chancery, direct depositions to be taken in perpetuam rei memoriam, if they relate to any matters that may be cognizable in any court of the United States."

These depositions were not taken for the purpose of being used in any court of the United States, but before the officers of immigration. But, further than this, we do not understand how such testimony, if admissible could bind the United States, or estop the officers of immigration from making the inquiries provided by law, and upon such inquiries determine whether the applicant was or was not to be admitted into the United States. There was no case pending in court when the depositions were taken involving any question as to the right of the appellee to be admitted into the United States, nor was there any case pending at that time involving his status upon any claim that he was a citizen of the United States. The testimony, if it could be used for any purpose, was to be used in the event the testimony of the witnesses could not be obtained when required for the information of the immigration officers when the appellee should present himself for identification, and in support of his claim to a right to land and be admitted upon his return to the United States. When he did return, in June, 1910, these same witnesses whose depositions had been taken appeared and were examined by the Chinese inspector under oath, thus dispensing with the use of depositions; but their later testimony, compared with that in the depositions, was so uncertain and unsatisfactory that it failed to establish the fact to the satisfaction of the immigration commissioner that the appellee was a native-born citizen of the United States.

The appellee does not, however, rely entirely upon the authority given to these depositions by the lower court to sustain the order of discharge. It is contended by the appellee that testimony in his behalf was not considered by the officers of immigration; that he was denied a fair and impartial hearing before such officers; that his rights were determined upon statements not made under oath, and with reference to matters which the appellee had no notice or opportunity of being heard. We have read the record very carefully, and we do not find this contention sustained. All the testimony on behalf of the appellee was before the officers, and the presumption is that it was considered.

The chief objection to the proceedings of the immigration officers is a letter of the commissioner of immigration at Seattle, addressed to the Secretary of Commerce and Labor at Washington, dated July

27, 1910. The letter transmits to the department the record on appeal in the case of the appellee, and calls attention to the testimony of the appellee and that of the witnesses in his behalf. The commissioner also inclosed, at the request of the appellee, the record of his former admission upon a previous arrival from China in 1901. In calling attention to the testimony of the witnesses who appeared upon the appellee's last arrival, the commissioner comments upon the character of the witnesses whose testimony is in the record, and refers to them as professional witnesses; that is to say, witnesses who so often appear to identify Chinese persons seeking admission into the country that they appear to make it a business. The testimony of the witnesses themselves in this case appears to justify this characterization of their relation to the case. In referring to the record inclosed upon appellee's former admission to the country, the commissioner also characterizes the witnesses in that case as professional witnesses, who had appeared in numerous cases on behalf of the Chinese seeking admission into the country.

It is not charged by the appellee that these statements were false, or that they were calculated to mislead, or did mislead, the Secretary of Commerce and Labor. It is to be presumed that these statements were based upon the records in the office of the commissioner and in the office of the Secretary of Commerce and Labor at Washington. In other words, there is nothing before us to show that these statements were untrue, or that they deprived the appellee of a fair and impartial hearing before the department. The testimony of the appellee of itself was so contradictory in material matters as to discredit his claim that he was a native-born citizen of the United States. In the deposition taken in 1908 to perpetuate his testimony, he stated that he had a brother and sister, both younger than himself, and both born in China; while at the time of his application for admission to the United States in 1910 he testified in the most positive manner that he had neither brother nor sister, and that he was the only child of his parents. In his last testimony he states that his father died in China about five years ago, while the witness Morris swears that Wing You was in the store of his father one or two years before the applicant started for China in 1908. These and other discrepancies and inconsistencies, we think, were sufficient to justify the action of the Department of Commerce and Labor.

The order of discharge will therefore be reversed, with directions to dismiss the petition for writ of habeas corpus.