## GEE WAH LEE v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit.
March 31, 1928.

No. 5045.

Jury ⚖️19(1)—Person of Chinese descent, claiming citizenship, appealing from order of deportation to District Court, is not entitled to jury trial (8 USCA § 282; Const. Amend. 7; Const. art. 3, § 2; 28 USCA § 770).

Person of Chinese descent, appealing from an order of deportation to the District Court, under 8 USCA § 282 (Comp. St. § 4313), is not entitled to a jury trial of his claim to citizenship, since proceeding is not a suit at common law, within Const. Amend. 7, or a "cause in the District Court," issues of fact of which are made triable by jury, under Rev. St. § 566 (28 USCA § 770; Comp. St. § 1583), and proceeding not being covered by Const. art. 3, § 2, providing that trial of all crimes, except impeachment, shall be by jury.

In Error to the District Court of the United States for the Eastern District of Louisiana; Louis H. Burns, Judge.

Gee Wah Lee appealed to the District Judge from an order of deportation. Order of commissioner affirmed, and appellant brings error. Affirmed.

W. J. Waguespack, Herbert W. Waguespack, and Nicholas G. Carbajal, all of New Orleans, La., for plaintiff in error.

Wayne G. Borah, U. S. Atty., and E. E. Talbot, Asst. U. S. Atty., both of New Orleans, La., for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

PER CURIAM. On consideration of the petition for rehearing in the above numbered and entitled cause, it is ordered that the opinion heretofore rendered therein be, and the same is, withdrawn, and that the opinion now rendered be substituted therefor, and that the petition for rehearing be denied.

WALKER, Circuit Judge. The plaintiff in error, a person of Chinese descent, following his arrest under a warrant charging him with being unlawfully in the United States, and a hearing before a United States commissioner, was by that commissioner ordered to be deported. He appealed to the judge of the District Court, as authorized by statute. Comp. Stat. § 4313 (8 USCA § 282). In the hearing under that appeal, plaintiff in error claimed that he was a citizen of the United States, and moved that a trial by jury be ordered. The denial of that motion is assigned as error.

It was open to plaintiff in error to bring into question the validity of the order for his deportation, either by a petition for the writ of habeas corpus or by the appeal provided for by statute. Ng Fong Ho v. White, 259 U. S. 276, 42 S. Ct. 492, 66 L. Ed. 938. Whether the proceeding resorted to is of the one kind or the other, it is not a suit at common law, within the meaning of the Seventh Amendment of the Constitution, or a "cause in the District Court," the issues of fact in which are by statute made triable by jury (R. S. § 566 [28 USCA § 770; Comp. St. § 1583]), and the hearing on the appeal to the District Judge is not a trial on a criminal charge, covered by the provision of section 2 of article 3 of the Constitution, "The trial of all crimes, except in cases of impeachment, shall be by jury." It well may be inferred that, in providing for an appeal to the District Judge, it was contemplated that the appellate tribunal in the hearing under the appeal would, without a jury as in a habeas corpus proceeding, "proceed in a summary way to determine the facts of the case." R. S. § 761 (28 USCA § 461); Baker v. Gordon, 23 Ind. 204, though the appeal has the effect of transferring the proceeding to the District Court for determination of the question whether the alleged alien is subject to deportation or is entitled to remain in the United States. United States, Petitioner, 194 U. S. 194, 24 S. Ct. 629, 48 L. Ed. 931. After its transfer, effected by the appeal, the proceeding remains one for the deportation of the alleged alien, and is not one in which a right to trial by jury exists. Fong Yue Ting v. United States, 149 U. S. 730, 13 S. Ct. 1016, 37 L. Ed. 905; Toy Tong v. United States (C. C. A.) 146 F. 343.

The record does not present for review any ruling on the subject of the burden of proof. The record shows no reversible error.

The order is affirmed.