HOEFFNER v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. May 9, 1898.)

No. 985.

UNITED STATES COMMISSIONERS—POWER TO TAKE BAIL.
United States commissioners, under Rev. St. §§ 1014, 1015, have the same power to take bail upon an arrest made after an indictment as they have in cases of arrest before indictment.

In Error to the District Court of the United States for the Eastern District of Missouri.

Thomas B. Harvey, for plaintiff in error.

Edward A. Rozier, U. S. Atty., and Walter D. Coles, Asst. U. S. Atty.

Before SANBORN and THAYER, Circuit Judges, and SHIRAS, District Judge.

SHIRAS, District Judge. From the record in this case, it appears that on the 8th day of August, 1896, the plaintiff in error entered into a recognizance, in the sum of $3,000, conditioned that one Charles F. Knowlton, who had been indicted in the United States district court for the Eastern district of Missouri for a criminal violation of section 5480 of the Revised Statutes of the United States, should personally appear before said court on the first day of the November term, 1896, and continue in attendance until discharged according to law; this recognizance being entered into before a United States commissioner in and for the Eastern district of Missouri.

It further appears that on the 15th day of December, 1896 (that being one of the regular days of the November term, 1896, of the United States district court for the Eastern district of Missouri), the named Charles F. Knowlton was duly called, and, failing to appear, default was entered against him; and the plaintiff in error, as surety upon the recognizance, was likewise called, and, failing to appear, a forfeiture of the recognizance was entered against both the parties;

and thereupon the present proceedings by scire facias were instituted to recover the penalty named in the recognizance, to which the plaintiff in error appeared, and on the 5th day of May, 1897, filed an answer, wherein he denied each and every allegation made in the writ of scire facias. On the 20th day of May, 1897, the matter came up for hearing, and a default was entered against Knowlton, the principal in the bond, for want of appearance, and a jury trial was had on the issues presented by the answer of the surety; the verdict being in favor of the government, assessing the damages at $3,000, for which amount judgment was entered in favor of the United States against both defendants. To reverse this judgment the present writ of error has been sued out by the surety on the bond, three errors being assigned as grounds for reversal; the first being that it was error to submit the issues to a jury, it being claimed that the party was "entitled to have a finding of fact by the court." The transcript does not contain a statement of the evidence submitted in the case, and this court is not informed what issue or issues of fact were submitted to the jury. It does not appear that the plaintiff in error asked a finding of fact from the trial court, or objected to submitting the issues to a jury, nor is it made to appear in any form what the issue of fact was that the plaintiff in error now claims should have been passed upon by the court. As already stated, the answer filed is simply a general denial, and the transcript recites that after hearing the evidence introduced, and receiving the instructions of the court, the jury returned a verdict in favor of plaintiff; but, as the transcript does not contain a word of the evidence or of the instructions, it is impossible to know, either from the pleadings, or the recitals of the transcript, what issue of fact was presented for determination. Before this court can be called upon to determine the question whether the trial court erred in submitting an issue of fact to the determination of a jury, the nature of the issue thus submitted ought to be made plain; and, as that has not been done in this case, this court is not required to further consider this assignment of error.

The second point relied upon in the brief of plaintiff in error, to wit, that the record does not show that a forfeiture of the recognizance had been entered before the institution of the present proceedings, has been obviated by the fact that the clerk of the trial court, in obedience to the certiorari issued by this court, has sent up the portion of the record which shows that the forfeiture had been duly entered, but which, from some oversight, had been omitted from the transcript originally filed.

The third ground of error assigned is that the United States commissioner, before whom the recognizance was taken, was without jurisdiction to let to bail a defendant who had been already indicted, and therefore the recognizance was void. The record shows that Knowlton was indicted in the district court; that a warrant of arrest was ordered by the court, and the amount of the bail to be given was fixed by the court at the sum of $3,000. The only question presented by the record is whether, under such circumstances, a commissioner can approve a bail bond or recognizance, and release the

party indicted, or whether such action can be had only in the court in which the indictment is pending. There can be no question that, under the provisions of section 1014 of the Revised Statutes, commissioners have the power to cause the arrest of all persons charged with having violated the criminal statutes of the United States, and to order them to be held for trial; and by section 1015 it is provided that "bail shall be admitted upon all arrests in criminal cases where the offense is not punishable by death; and in such cases it may be taken by any of the persons authorized by the preceding section to arrest and imprison offenders." The latter section includes all arrests in criminal cases, whether made before or after an indictment is found; and, under its provisions, commissioners have the same power to take bail upon an arrest made after an indictment, as they have in cases of arrest before indictment. The proceedings taken in this case were in accordance with the common practice obtaining in the district courts when an indictment is found against a person who has not been previously arrested.

Upon the filing of the indictment, a warrant of arrest is ordered by the court, and the amount of the bail is fixed. When the arrest is made, if the defendant wishes to give bail in the sum fixed by the court, he is taken before the nearest commissioner for that purpose; and, upon the approval of the recognizance by the commissioner, the party arrested is released, and the officer makes due return of the proceedings to the court from which the warrant of arrest was issued. If the rule should be adopted that in such cases the party arrested, and his sureties, must appear before the court in which the indictment is pending before he can be released on bail, it would work a very great hardship upon the defendant, and might in many cases defeat the beneficent purposes of the statute, as the expense caused thereby might be beyond the ability of the defendant, if the place of his arrest was at a distance from the place of holding court. Finding no merit in the errors assigned, the same are overruled, and the judgment of the court below is affirmed.