## UNITED STATES v. LOUIS et al.

### (Circuit Court, S. D. New York. December 27, 1906.)

1. BAIL—FEDERAL OFFENSES—BAIL PENDING APPEAL.

Rev. St. § 1015 [U. S. Comp. St. 1901, p. 718], provides that bail shall be admitted on all arrests in criminal cases where the offense is not punishable by death, and in such cases it may be taken by any of the persons authorized in the preceding section to arrest and imprison offenders. *Held*, that such section authorized admission to bail at any stage of the proceedings before or after hearing, indictment, or conviction, and pending appeal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Bail, § 145.]

2. SAME—UNITED STATES COMMISSIONERS—POWERS.

Act Cong. Sept. 24, 1789, c. 20, § 33, 1 Stat. 91, provided that an offender against the United States might be let to bail by any justice of the peace or other magistrate of any of the United States, where he was found, arrested, or imprisoned, and Act March 2, 1793, 1 Stat. 334, c. 22, § 4, declared that bail for appearance in any United States court in a criminal case in which bail is allowed by law might be taken by any person having authority from the Circuit Court. Rev. St. § 1014 [U. S. Comp. St. 1901, p. 716], provided that an offender against the United States might be let to bail by any commissioner of the Circuit Court; and section 1015 [U. S. Comp. St. 1901, p. 718] declared that bail should be admitted upon all arrests in criminal cases where the offense is not punishable by death, and might be taken by any of the persons authorized by the preceding section. Thereafter Act Cong. May 28, 1896, c. 252, 29 Stat. 184, abolished the office of commissioners of the Circuit Court and substituted United States commissioners, with all the powers of commissioners of the Circuit Court. *Held* that, where bail on appeal had been fixed by the court or judge, a United States commissioner had jurisdiction to cause the proposed sureties to justify before him and accept bail tendered.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Bail, § 174.]

At Law. Motion to set aside verdict and for a new trial, on the ground the bond sued upon was not valid, because taken by a United States commissioner, who, it is alleged, was without authority to take a bail bond after the conviction of the accused, the principal in the bond, Charles C. Browne, on appeal to the Circuit Court of Appeals, and on the further ground that, assuming the bond to be valid, there was no proof the condition had been broken, and also that no interest is recoverable.

Judson G. Wells (Edwin L. Kalish, of counsel), for the motion.
Henry L. Stimson, U. S. Atty., and H. Hickham Smith, Special Asst. Atty. Gen., opposed.

RAY, District Judge. The facts stated and conceded upon the trial and those appearing in the stenographer's notes are as follows:

(1) The principal in the bond sued upon, Charles C. Browne, having, on trial in the Circuit Court of the Southern District of New York, been convicted of the crime of conspiracy to defraud the United States, and duly sentenced, took a writ of error to the Circuit Court of Appeals of the Second Circuit to review the judgment of conviction. On granting the writ, and pending such appeal and hearing, and on application of said defendant, Judge Edward B. Thomas,

duly designated and holding such Circuit Court, criminal term, made an order that said Browne be admitted to bail, and fixed such bail in the sum of $12,500. John A. Shields then was the clerk of said Circuit Court, and also a duly appointed United States commissioner of the Southern District of New York.

(2) Thereupon, pursuant to such order of the court and judge holding the term, the said defendant Browne, with the defendants here, Charles H. Louis and Isaac Schlesinger, as his proposed sureties, appeared before said Shields for the purpose of executing and entering into the bond or recognizance required and fixed by said order. The said Shields thereupon examined said proposed sureties as to their sufficiency, and, they being sufficient, the bond in suit was duly executed, signed, and acknowledged, whereby said Browne, as principal, and said Louis and Schlesinger, as sureties, bound and obligated themselves in the usual manner and by the usual terms of such instruments to pay said $12,500 in case of default in the condition of such bond. Said bond or recognizance contained the following:

"Whereas, the said Circuit Court did thereupon order the said Charles C. Browne to find sufficient bail in the sum of $12,500 for his appearance at the opening of the United States Circuit Court of Appeals for the Second Circuit, on the third Tuesday of October, 1904, at the opening of court at 10:30 a. m., and to continue in force until the remitittur or mandate has been ordered and handed down, and that in default of finding such bail the said Charles C. Browne should stand committed: Now, therefore, the condition of this recognizance is such that, if the said Charles C. Browne shall personally appear as above stated and required and abide the order of the court, then this recognizance to be void; otherwise, to remain in full force and virtue."

The obligation was to appear as stated and also to "abide the order of the court"; that is, the order of the court having power and jurisdiction to pronounce and enforce judgment. This was the Circuit Court, criminal term, of the Southern District of New York. Said Shields, as United States commissioner, took the acknowledgments, etc., to this bond or recognizance, and accepted same, and filed it with the records of such Circuit Court, of which he was the clerk.

(3) It was stated and conceded on the trial, and should appear in the record of the trial, that the appeal was heard and the conviction affirmed. This court so noted in its minutes. Whether or not a remitittur was handed down did not appear from any evidence given or record put in evidence on this trial, except in the minute book of the Circuit Court, pages of which were in evidence, but not read, the handing down of the remitittur was recited, and such order fully entered. This court understood it was in evidence, and so understands now.

(4) Thereafter, and on the 19th day of January, 1906, at the regular criminal term of the Circuit Court of the Southern District of New York, Judge Thomas again presiding, the said defendant Charles C. Browne was by the court duly called and ordered to the bar of the court and to deliver himself to the custody of the United States marshal to execute his sentence. He was duly called and failed to respond, whereupon the court ordered that the said sureties on his

bond be called upon to produce him. This order was complied with in open court, and said sureties failed to respond or produce their principal. Thereupon the said bond was ordered forfeited, and a bench warrant was ordered to be issued. The said defendant Browne not having surrendered himself and not having been produced, this action upon the bond was commenced.

The court and judge having jurisdiction of the matter and of the defendant Browne having allowed and fixed bail at the request and on the application of the defendant, it is clear that such bail could be taken by any officer having authority to take bail in such a case. I find no statute restricting the power to take bail in such a case to the court or to a judge of the court. By section 627 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 499] the appointment of commissioners of the court was authorized, and they were to have and "exercise the powers which are or may be expressly conferred by law upon commissioners of Circuit Courts." Subsequently the office of commissioners of the Circuit Court was abolished, and United States commissioners were substituted, with all the powers of commissioners of the Circuit Court. U. S. Comp. St. 1901, p. 499; Act May 28, 1896, c. 252, 29 Stat. 184.

By section 1015, of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 718], it is provided:

"Bail shall be admitted upon all arrests in criminal cases where the offense is not punishable by death; and in such cases it may be taken by any of the persons authorized by the preceding section [section 1014, Rev. St. (U. S. Comp. St. 1901, p. 716)] to arrest and imprison offenders."

This provision, in different language, however, and section 1014, in different language, constituted section 33 of the act of September 24, 1789, "An act to establish the judicial courts of the United States" (1 Stat. 73–91, c. 20). But section 1015 extends the power to take bail to persons not included in the act of 1789. It is clear that section 1015 authorizes the admission to bail at any stage of the proceeding— before a hearing, or after; before indictment, or after; before conviction, or after; and, of course, pending an appeal. This is apparent when we read section 33 of the act of 1789. We are not to give the language of this section a narrow construction, and confine the power to admit to bail to the time of the arrest and bringing the offender before the court, judge, or commissioner, and thus defeat its beneficent purpose. Hoeffner v. United States, 87 Fed. 185, 30 C. C. A. 610, sustains this proposition. And again section 1014 expressly provides for bail on arrest or at the inception of the criminal proceeding, and section 1015 was not intended as a repetition. By section 1014 it is provided:

"For any crime or offense against the United States, the offender may, by any justice or judge of the United States, or by any commissioner of a Circuit Court to take bail, or by any chancellor, judge of a supreme or superior court, chief or first judge of common pleas, mayor of a city, justice of the peace, or other magistrate, of any state where he may be found, and agreeably to the usual mode of process against offenders in such state, and at the expense of the United States, be arrested and imprisoned, or bailed, as the case may be, for trial before such court of the United States as by law has cognizance of the offense. Copies of the process shall be returned as speedily as may be

into the clerk's office of such court, together with the recognizances of the witnesses for their appearance to testify in the case."

As these United States commissioners have the same power to admit to bail the commissioner of the Circuit Courts possessed, United States Commissioner Shields had the jurisdiction and power to take the bail in question; for that power was expressly conferred upon commissioners of the Circuit Court by chapter 188, Act Aug. 23, 1842 (5 Stat. 516), by the following language:

"That the commissioners who now are, or hereafter may be, appointed by the Circuit Courts of the United States to take acknowledgments of bail * * * shall and may exercise all the powers that any justice of the peace or other magistrate of any of the United States may now exercise in respect to offenders for any crime or offense against the United States, by arresting, imprisoning or bailing the same," etc.

Section 33 of the act of September 24, 1789, entitled "An act to establish the judicial courts of the United States" (1 Stat. 91, c. 20) provided:

"That for any crime or offense against the United States, the offender may * * * or by any justice of the peace or other magistrate of any of the United States where he may be found, * * * be arrested and imprisoned or bailed," etc.

This act, however, restricted the right to take bail after commitment to a judge of the court or to a judge of the supreme or superior court of the state.

By section 4 of the act of March 2, 1793, "An act in addition to the act" above referred to, it was provided:

"That bail for appearance in any court of the United States, in any criminal cause in which bail is by law allowed, may be taken by * * * and by any person having authority from a Circuit Court to take bail, which authority, revocable at the discretion of such court, any Circuit Court * * * may give to one or more discreet persons learned in the law in any district for which such court is holden: * * * Provided that nothing herein shall be construed to extend to taking bail in any case where the punishment for the offense may be death; nor to abridge any power heretofore given by the laws of the United States, to any description of persons to take bail."

This led to the designation of commissioners of the Circuit Court to take bail. See 1 Stat. 334, c. 22.

An interesting and instructive note on the subject of the powers of the commissioners of the Circuit Courts will be found in 48 Fed. 638–640. This investigation was made by Judge Coxe, now of the Circuit Court of Appeals, in deciding the case of United States v. Hom Hing, where the power of United States commissioners in Chinese cases was in question. It will be noted that the amendment or addition to the judiciary act passed March 2, 1793 (1 Stat. 333, c. 22), conferred authority on commissioners of the Circuit Court to take bail in criminal cases, while the act of February 20, 1812 (2 Stat. 679, c. 25), cited by Judge Coxe, conferred upon them this power in civil causes.

A careful examination of the powers of the commissioners of the Circuit Courts of the United States, as they existed when the office of United States commissioner was created, discloses that they pos-

sessed the power to take bail in criminal prosecutions, and the statutes quoted and referred to conferred this power on United States commissioners. In short, when section 1015 of the Revised Statutes became a law, the commissioners of the Circuit Court were authorized to take bail in such cases; and hence United States commissioners, who take their place and succeed to their powers, may take bail where bail is authorized by section 1015. It was under this provision or section that Browne was admitted to bail, same having been authorized and its amount fixed by the order of the court itself. Commissioners of the Circuit Court were by the statutes quoted authorized to take bail, limited, we may assume, to certain cases, but still they were authorized to take bail; and by section 1014 of the Revised Statutes offenders may be arrested and bailed by any "commissioner of a Circuit Court to take bail"; and by section 1015 any such commissioner—that is, his successor in power, a United States commissioner —can take bail in a criminal case at any stage of the proceeding, where the court has decided that the offender is to be admitted to bail and the amount thereof has been fixed.

The court or judge decided that Browne should be admitted to bail, in effect directed that he be admitted to bail and fixed the amount thereof, and, as there was no statute requiring it to be taken by any specific or specified officer, such bail was lawfully and properly taken by Commissioner Shields, who possessed the general power to which attention has been directed. The bond or recognizance in suit was, therefore, properly taken, and is valid. It was taken in pursuance of law and the order of a competent court, and by an officer authorized by law to take the same. United States v. Horton, 2 Dill., 94 Fed. Cas. No. 15,393, is not an authority to the contrary, nor are United States v. Dunbar, 83 Fed. 154, 27 C. C. A. 488, and United States v. Harden (D. C.) 10 Fed. 805.

That the condition was broken cannot be questioned. He was "to abide the order of the court." As already stated, this referred to the Circuit Court, not the Circuit Court of Appeals. The regularity of the proceedings in the Circuit Court is presumed. If that court was without authority to make the orders it did make January 19, 1906, this was matter of defense. Browne was duly ordered to the bar of the court, and, being duly called, did not respond. His bail were thereupon duly called, and required to produce him, which they failed to do.

It is settled that interest is not recoverable, and it will be stricken out, and the verdict reduced to $12,500, the amount of the bond.

The motion to set aside the verdict and grant a new trial is denied, and judgment will be entered on the verdict, as reduced, for the sum of $12,500 and costs.