**UNITED STATES v. McGEE et al.**
**No. 4045.**

District Court, E. D. New York.
March 13, 1930.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Frederick J. Peper, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for plaintiff.

Harry K. Nadell, of Brooklyn, N. Y., for defendants.

MOSCOWITZ, District Judge.

This is an action brought by the United States of America in the nature of a scire facias on a recognizance to recover from the defendant Detroit Fidelity & Surety Company the sum of $1,000 on a forfeited recognizance executed by the Detroit Fidelity & Surety Company to assure the appearance of Hugh McGee, the principal herein, before this court.

This action has been submitted to the court for decision upon the stipulation of the parties and the record in the criminal proceedings against Hugh McGee.

On July 28, 1923, the Detroit Fidelity & Surety Company executed a bail bond on behalf of one Hugh McGee, the principal herein, for the sum of $1,000, which bond reads as follows:

"United States of America, Eastern District of New York, ss.:

"Be it remembered, that on this 28th day of July, A. D. 1923, before me, a United States Commissioner for the said Eastern District of New York, personally came Hugh McGee, Principal, and Detroit Fidelity and Surety Company, as Surety, and jointly and severally acknowledged themselves to owe the United States of America the sum of One thousand Dollars, to be levied on their Goods and chattels, lands and tenements, if default be made in the condition following, to wit:

"The Condition of this Recognizance is such, that if the said Hugh McGee who sued out a writ of error from judgment of conviction in the United States District Court for the Eastern District of New York for review in the United States Circuit Court of Appeals for the Second Circuit shall personally appear before the United States District Court for the Eastern District of New York on the 27th day of August, 1923 at 10 o'clock A. M. and when notified after the filing in the said Court of the Mandate of the U. S. Circuit Court of Appeals and from time to time thereafter to which the case may be adjourned to answer any further proceedings and abide by and perform any judgment which may be rendered by said United States Circuit Court of Appeals for the Second Circuit and surrender himself when so required by said Court and not depart from said District without leave, then this Recognizance to be void, otherwise to remain in full force and virtue.

"Hugh McGee

"Detroit Fidelity & Surety Co.

"Joseph Buffa, Atty. in Fact

"Taken and acknowledged before me on the day and year first above written.

"Edmund F. Hennessy

"United States Commissioner,
"Eastern District of New York."

An information was filed against Hugh McGee charging him with violation of title 2, sections 3 and 21 of the National Prohibition Act (27 USCA §§ 12, 33). On July 27, 1923, McGee was tried and after a verdict of guilty was sentenced to pay a fine in the sum of $200, and to be imprisoned for sixty days. Defendant appealed and by an order signed on July 28, 1923, a writ of error was allowed and McGee was admitted to bail upon furnishing the bond in suit.

On October 22, 1924, there was filed in this court a certified copy of an order dismissing the appeal of McGee. This order was based upon the notice of motion and affidavit of an Assistant United States Attorney, and a certificate of the clerk of this court, copies of which were served upon McGee's attorney. The motion was returnable on May 20, 1924, at 10:30 a. m., in the United States Circuit Court of Appeals for the Second Circuit. An order dismissing the appeal was made in that court on May 22, 1924.

The record in the criminal proceedings is as follows:

"Oct. 27/24 Before Inch, J. Deft. not present default noted.

"Nov. 10, 1924 Before Garvin, J. Deft. not present default noted. Bench warrant ordered on motion of U. S. Atty.

"Apr. 22/29 Burrows, J. Deft. not present, default noted—Adjd. to May 6/29 for forfeiture.

"May 6/29 Inch, J. Case called and adjd. to June 24/29 for forfeiture.

"June 24/29 Galston, J. Case called and adjd. to July 1/29 for forfeiture.

"July 1/29 Moscowitz, J. Deft. not present—Bond forfeited on motion of Asst. U. S. Attorney Printzlein."

It appears that after notice McGee failed to appear in this Court on April 22, 1929, and his default was noted. It further appears from the stipulation filed herein that on April 23, 1929, notice was given to the Detroit Fidelity & Surety Company that McGee had defaulted in his appearance on April 22, 1929, and that a written request signed by the United States Attorney was mailed to the Detroit Fidelity & Surety Company on April 23, 1929, requesting the production of McGee on May 6, 1929. On May 6, 1929, there was an adjournment to June 24, 1929; on June 24, 1929, the forfeiture was adjourned to July 1, 1929, and on July 1, 1929, McGee failed to appear and the bond was forfeited.

It further appears that McGee failed to appear, and, after notice to McGee and the Detroit Fidelity & Surety Company, the bond was forfeited.

The Detroit Fidelity & Surety Company contends that the United States Commissioner had no authority to accept the appeal bond.

The United States Commissioner was authorized to take the bond, and the bond having been properly taken is valid. In United States v. Louis (C. C.) 149 F. page 277, at page 279, the Court said:

"The court and judge having jurisdiction of the matter and of the defendant Browne having allowed and fixed bail at the request and on the application of the defendant, it is clear that such bail could be taken by any officer having authority to take bail in such a case. I find no statute restricting the power to take bail in such a case to the court or to a judge of the court. * * * It is clear that [Rev. St.] section 1015 [18 USCA § 594] authorizes the admission to bail at any stage of the proceeding—before a hearing, or after; before indictment, or after; * * * and, of course, pending an appeal. This is apparent when we read section 33 of the act of 1789. We are not to give the language of this section a narrow construction, and confine the power to admit to bail to the time of the arrest and bringing the offender before the court, judge, or commissioner, and thus defeat its beneficent purpose. Hoeffner v. United States, 87 F. 185, 30 C. C. A. 610, sustains this proposition."

Judgment may be entered herein in favor of the United States of America against the Detroit Fidelity & Surety Company for the full amount of the recognizance.

Settle judgment on notice.