## PATTERSON v. UNITED STATES.

### PHILBROOK v. SAME.

#### Nos. 651, 652.

Circuit Court of Appeals, Tenth Circuit.

Jan. 9, 1933.

Rehearing Denied Feb. 10, 1933.

William N. Jamieson and Thomas J. Sheehan, Jr., both of Omaha, Neb., for appellants.

S. M. Brewster, U. S. Atty., and Dan B. Cowie, Asst. U. S. Atty., both of Topeka, Kan.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

COTTERAL, Circuit Judge.

The defendants appeal from convictions under an indictment which charged them with a transportation of whisky. Numerous errors are assigned for reversal.

Stress is laid on the refusal of a motion

to direct a verdict, based on the alleged insufficiency of the evidence. We note the testimony of the several witnesses in order:

Deimler, a state investigator serving in Republic county, Kan., and other officers appear to have ordered 500 gallons of alcohol from some point in Nebraska, and awaited delivery. He and Federal Officer Bryant discovered the defendants near Belleville, Kan. Philbrook was driving a Pontiac coupé and Patterson a Chrysler truck. The truck was heavily loaded and bore the label "Grandma's Breakfast Food, United Food Corporation, Omaha, Nebraska." The sheriff of the county, one of his deputies, and the county attorney were stationed near this point. After following the defendants about two miles, Deimler and his companion took a cut-off road and intercepted the coupé, which showed a license in Patterson's name. They arrested Philbrook, the driver, turned him over to the sheriff, and went in search of the truck. The officers went to the place where the sheriff had seized it, and found fifty kegs of whisky stacked in a cornfield by the roadside. There was an odor of liquor in the truck, which bore imprints of kegs. Patterson was then in the custody of the sheriff. Both defendants gave assumed names.

Deimler and Bryant took the defendants to Topeka. On the way there, Philbrook said that "he had been framed, that stuff had been ordered down there and we were on the spot waiting for him." He also said he drove the coupé behind the truck so that "if any-one went to go around him he could run them in the ditch." There was a further conversation in which Patterson said "some bootleggers in the county had framed him; they had ordered this liquor down," and when asked why he didn't bring alcohol, said "he was a little leary about it, because he didn't answer the phone; his brother had answered it. He thought he would run this whiskey down and see how things were set."

Deimler found truck tracks where the whisky was discovered, which corresponded with the tires on the truck. He also found footprints which the sheriff found to measure the same as Patterson's shoes.

The testimony of Sheriff Nordman was corroborative. He went with the county attorney to look for the truck and found it five and a half miles east and one mile north of Belleville. He smelled fumes of liquor coming from the truck. Patterson was lying on the running board. He denied having any liquor. The sheriff and the officers inspected the adjacent ground. It appeared the truck had backed up in a gateway leading to the corner of the field. The tire tracks tallied with those of the truck. In the field he found the fifty kegs of liquor covered with hay and cornstocks. The shoe tracks measured the same as those of Patterson's shoes. The liquor was reloaded and brought to Belleville.

The testimony of Perry, the county attorney, confirmed that of the other officers. The truck smelled of whisky and showed ring marks. On the way to Belleville, the witness asked Patterson what he was doing out there so early in the morning, and he answered he delivered a load of stock feed for some farmer in Republic county, giving his name, but he didn't know where the farmer lived as he came and left the same night. At the jail, Patterson gave a fictitious name, but later his correct name.

Counsel for appellants contend the proof of the circumstances was insufficient, under the settled rule applicable to circumstantial evidence. A conviction is required to be based on substantial evidence, as distinguished from suspicion. The evidence should be more consistent with guilt than innocence, and exclude any reasonable hypothesis of innocence. Moore v. United States (C. C. A.) 56 F.(2d) 794; Stilson v. United States, 250 U. S. 583, 40 S. Ct. 28, 63 L. Ed. 1154; Van Gorder v. United States (C. C. A.) 21 F.(2d) 939; Enrique Rivera v. United States (C. C. A.) 57 F.(2d) 816. But the evidence met the requirements. There was no denial or explanation of the circumstances, as the defendants stood on the evidence of the government. We are quite content to hold that the chain of circumstances warranted the verdict of the jury.

An alleged deficiency in the evidence was the failure to introduce the whisky. This was unnecessary. The witnesses testified to the fact that whisky was found, and production of it would have been merely cumulative.

The witnesses were competent to testify to the fumes of whisky in the truck, and to the fact it was found in the kegs. It is but common knowledge that whisky is intoxicating and fit for beverage purposes. Strada v. United States (C. C. A.) 281 F. 143. The objections to proof of tire tracks and footprints were not well taken, and rather applied only to the weight of that evidence.

The admissions of the defendants are assailed on the ground that statements of a party do not bind another in his absence. But they appear to have been made when both were present. In any event, the testi-

mony was competent, and, if its consideration was to be limited, an instruction to that effect should have been requested; but it was not done. Butler v. United States (C. C. A.) 53 F.(2d) 800; Hallowell v. United States (C. C. A.) 253 F. 865; Id. (C. C. A.) 258 F. 237.

Again, the proof is questioned because the corpus delicti was not shown; but the whisky was actually found.

The indictment is also challenged. It was not questioned by demurrer or motion in arrest of judgment, and no bill of particulars was requested. It alleged that at Belleville, Republic county, Kan., the defendants transported fifty 5-gallon kegs of whisky, fit and intended for beverage purposes, "from a point to the grand jurors unknown, near Belleville, city, county and state aforesaid." All the elements of the offense were stated. Certainly, no objection to the form of the indictment was tenable. King v. United States (C. C. A.) 55 F.(2d) 1058; Dunbar v. United States, 156 U. S. 185, 15 S. Ct. 325, 39 L. Ed. 390.

We have carefully examined the exceptions saved to the instructions and find none of them to have been well taken. They related to the summing up of the evidence. No mistake in recounting it appears to have been made by the court. In any event, all questions of fact were expressly left to the jury. The requests for instructions came too late, as they were made after the jury had retired. By familiar rule they are not entitled to consideration.

A final assignment is directed to the arguments of counsel for the government and certain comments made by the court. Counsel said: "You may send these defendants back to Nebraska to 'their loved ones,' and you will have them back in about two weeks; you will have them down here again with a truck load of Grandma's Breakfast—"

And again: "But, anyway, the common cry is to get the big shots in this business. Now here they are."

The court overruled the objection to the first of these arguments and added, with regard to the second: "That is a matter the jury have a right to consider with all of the other evidence in this case, as to whether or not these men were guilty of having fifty 5-gallon kegs of whiskey; whether they are big shots or little shots."

Unfair and intemperate statements of counsel in argument are to be condemned, but reasonable latitude is permissible. Stas-

si v. United States (C. C. A.) 50 F.(2d) 526, 532. The occasion of the arguments quoted does not appear. But aside from that, we are not persuaded the arguments or comment of the court were prejudicial to the defendants.

Examining the entire record, we are satisfied that the defendants had a fair trial, and no material error was committed. The judgment in this case is therefore affirmed.