### UNITED STATES v. FORD COUPE AUTOMOBILE, MOTOR NO. 799 A 2004567 et al.

#### Civil Action No. 9068.

United States District Court
S. D. California, Central Division.

April 12, 1949.

James M. Carter, U. S. Atty., and Max F. Deutz, Asst. U. S. Atty., both of Los Angeles, Cal., for libelant.

Henry C. Huntington, of Los Angeles, Cal., for respondent.

YANKWICH, District Judge.

The above-entitled cause heretofore tried, argued and submitted, is now decided as follows:

Judgment and decree will be for the libelant as prayed for in the libel of information condemning and forfeiting to the United States the 1947 Ford Club Coupe automobile, Motor No. 799 A 2004567, its tools and appurtenances, and the claim of James W. Hastings for the custody and possession of said automobile is disallowed, with costs to the libelant.

Findings, judgment and decree to be prepared by counsel for the libelant under Local Rule 7.

### Comment

This proceeding was submitted upon an agreed statement of facts and the transcript of the preliminary hearing held in the Municipal Court of Los Angeles, California, on December 14, 1948, which resulted in the claimant James W. Hastings, Orin Bruce Redman and Gilbert Lopez Cruz being held to answer for violation of Section 11500, Health and Safety Code of California, conspiracy to possess, transport, sell and furnish and offer to give, transport, sell and furnish marijuana, a felony. Two points are urged against the condemnation and forfeiture of the automobile.

The first question is whether the automobile of the claimant was used unlawfully, in violation of Title 49 U.S.C.A. § 781. The answer to this question must be in the affirmative. The evidence before the Municipal Court shows that the automobile of the claimant was used in the negotiations which led to the purchase of the marijuana by a police officer. The charge under state law was conspiracy. and, while the actual delivery of marijuana was made by another, the initial agreement to purchase was made by the claimant Hastings. So his use of the automobile was clearly in aid of the transaction. See Quong v. United States, 9 Cir., 1940, 111 F.2d 751, 756. It "facilitated" the sale of contraband, which is denounced by Subdivision (a)(3) of Section 781, Title 49 U.S.C.A. See my opinion in United States v. Oldsmobile Coupe Automobile, D.C.Cal., 1946, 67 F.Supp. 686, 687; United States v. One Dodge Coupe, D.C.N.Y.1942, 43 F.Supp. 60.

Some courts have distinguished between the use of an automobile to facilitate transportation of contraband and its use merely as a means of locomotion. Such distinction is made in Platt v. United States, 10 Cir., 1947, 163 F.2d 165. There, a woman's automobile was used by her daughter, who was a drug addict, to go to a drug store to obtain drugs. The mother, while knowing the daughter to be an addict, did not know when she was asked for the use of the automobile that she intended to go to the drug store for that purpose. Under the circumstances, the court held that the automobile was not used to accomplish the purchase, saying:

"What is then meant by the use of the word 'facilitate' is that if an automobile is used to assist in the commission of the crime, it is subject to forfeiture. The crime charged here was the illegal purchase of narcotics. The use of the automobile did not make the accomplishment of the purchase more easy or free it from obstructions or hindrance, or make the sale any less difficult. It was merely the means of locomotion by which Blanche Cooper went to the store to make the purchase. Its use enabled her to get to the store more quickly than if she had walked or had used a slower means of transportation. But the argument that this facilitated the purchase disregards the ordinary and accepted meaning of the word when applied to the sale." Platt v. United States, supra, 163 F.2d, at page 167.

It is quite apparent that the facts under consideration in that case are entirely different from those before us. There, the act of purchase was the voluntary act of a single person. The innocent loaning of the automobile to the daughter by the mother, without any knowledge of the illegal enterprise in which it was to be used, could not be legally considered as being in "aid of the purchase." Here, three persons are charged with the conspiracy. Each participated in the unlawful enterprise. The libeled automobile was used by the claimant in making the original bargain—a step which resulted in the ultimate consummation of the deal through the sale and delivery to a police officer of the marijuana agreed to be delivered by the claimant. So the planned step of the claimant in the completion of this transaction is on an entirely different basis than the fortuitous act of the mother in allowing her daughter to use an automobile for an errand, of the unlawful purpose of which she was not aware.

We can, therefore, readily accept the fundamental concept on which Platt v. United States, supra, was based, and yet reach a different conclusion here. Indeed, the majority opinion refers to Quong v

**868**

United States, 9 Cir., 1940, 111 F.2d 751, 756, for its definition of "facilitate," a definition which we believe shows that the automobile in the instant case was used to "assist in the commission of the crime."

█ The second question, whether the evidence proves that the marijuana involved was a narcotic, must also be answered in the affirmative. The contention that the record is insufficient in this respect is based entirely upon the fact that Donald W. Mann, the police officer who examined the leaves, stated, at the preliminary hearing, in answer to a question by Hastings' attorney, that he did not know what the active substance in marijuana was or whether it was a stimulant or a narcotic. However, his testimony showed that he made both a microscopic and chemical test to determine whether the leaves were marijuana, from which he concluded that they were. Marijuana is declared a narcotic by the Health and Safety Code Cal. §§ 11001(i), 11003 (Penal Code of California Appendix, Sec. 11001(i) and Sec. 11003), which give both the scientific and the common names by which it is known. The Internal Revenue Code treats marijuana as a narcotic drug and levies an excise tax on persons dealing with it, as importers, manufacturers, producers, compounders and physicians and others administering it. 26 U.S.C.A. § 3230. It is commonly recognized as such in the pharmacopoeia of the United States, to such an extent that its character as a drug is a matter of common knowledge, of which the Court may take judicial notice. More, in the stipulation of facts, there is reference to the substance as "narcotics" (Stip. par. 3). And it is significant that in the transactions which led to the purchase, and especially in the first conversation with the claimant, the purchase was referred to as "five cans of marijuana" (Tr. pp. 13–14).

█ So we have in this case two lines of testimony which establish the narcotic nature of the drug: (1) The testimony of an officer who made an analysis, and who, while not giving the chemical content of the drug, reached the conclusion, after the test, that it was the drug known as marijuana, and (2) the fact that persons negotiating for its purchase referred to it as marijuana.

There is brought into play the principle which our courts have repeatedly declared in liquor cases that where the liquor purchased was referred to by its common name, such as "whiskey," which is known as intoxicating, no further evidence of alcoholic content was necessary. See Strada v. United States, 9 Cir., 1922, 281 F. 143; Miller v. United States, 6 Cir., 1924, 300 F. 529, 536; Smith v. United States, 4 Cir., 1924, 2 F.2d 715; Patterson v. United States, 10 Cir., 1933, 62 F.2d 968.

In an opinion which I wrote in the prohibition era when a Judge of the Superior Court of California and exercising appellate jurisdiction over the Municipal Court, before the creation of the Appellate Department of the Superior Court, I held that the designation of the article by the seller and purchaser as "whiskey" or "liquor" was sufficient, without more, to sustain a conviction of sale or possession. People v. Anguilli, No. 30756, Superior Court, Los Angeles County.

So here, from whatever angle the evidence is considered, there is ample proof in the record that the subject of the transportation was a contraband article, marijuana. See United States v. One Ford Coupe Automobile, D.C.Tex.1939, 26 F. Supp. 867.

Hence the ruling above made.