[Crim. No. 2898.   Third Dist.   Sept. 2, 1959.]

THE PEOPLE, Respondent, v. DANIEL OLSON, Appellant.

Jack N. Martin, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier and G. A. Strader, Deputy Attorneys General, for Respondent.

PEEK, Acting P. J.—By information defendant was charged with four counts of felony violations.   The first charged the crime of kidnapping, and each of the remaining three counts charged the crime of robbery.   Upon arraign-

ment he pleaded not guilty and not guilty by reason of insanity as to each of the counts. Subsequently he withdrew his plea of not guilty as to each count, leaving only the plea of not guilty by reason of insanity. The jury, upon that issue, returned verdicts finding him sane at the time of the commission of each of the offenses charged.

At his request this court appointed counsel to represent him on appeal. The counsel so appointed subsequently informed the court that he could find no merit in the appeal. After independent examination of the record we are entirely in agreement with counsel.

By defendant's plea he specifically admitted the commission of the various offenses; that is, that he forced a taxicab driver at knife point to drive him from Sacramento to Rio Linda where he took money from the victim and also took his cab; that he thereafter took money from three separate victims also by threatening them with a knife.

█ Upon the sole issue of insanity there can be no question that there was sufficient evidence to support the determination that defendant was legally sane at the time the crimes were committed. Each of the two court-appointed psychiatrists testified on direct examination that (1) they found no evidence of mental disease; (2) the defendant had the mental capacity to understand the nature and quality of his acts; and (3) the defendant had the capacity to know the difference between right and wrong on the date of the commission of the various offenses charged.

Following the filing of counsel's exhaustive and well-considered memorandum that he found no merit in the appeal, a copy of which was furnished defendant, this court received a communication from the defendant wherein he stated that his appeal only questioned the justice of the sentence of life imprisonment ". . . for a crime commited [sic] in which no one was harmed and no property lost or damaged, especially after that person was shot down by the arresting officer, missing death by the narrowest margin possible, and left with a permanently atrophied leg."

█ Whether defendant's attack is directed at the severity of the punishment imposed or at the wisdom or reasonableness of the statute, he is confronted by the rule that "subject to constitutional prohibition of cruel and unusual punishment, the Legislature may define and punish offenses as it sees fit." (*People* v. *Knowles,* 35 Cal.2d 175, 181 [217 P.2d 1].)

That case also notes, at page 180, that although reasonable men may regard a statute as unduly harsh and therefore unwise, their objection should be addressed to the Legislature since "it is not for the courts to nullify a statute merely because it may be unwise."

The judgment is affirmed.

Schottky, J., and Warne, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.