[Crim. No. 3314.    Fourth Dist., Div. Two.    Apr. 3, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. LEW ALLEN SHERIDAN, Defendant and Appellant.

Dahlstrum, Walton, Butts & Bergman, Richard A. Walton and G. Merle Bergman for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Arthur B. Rosenfeld, Deputy Attorney General, for Plaintiff and Respondent.

McCABE, P. J.—    ■    On this appeal defendant presents the sole question : Did the trial court err by sustaining the

prosecution's objection to a question propounded on cross-examination of the prosecution's expert witness? We have determined the court did not commit error.

Following a trial by jury, defendant was found guilty of two counts of the sale of marijuana, Health & Safety Code, section 11531. Probation was denied and defendant was sentenced to state prison for the term prescribed by law with the sentence on count II ordered to run concurrently with that on count I. The minimum sentence was set at six months, pursuant to Penal Code, section 1202b. This appeal is from the judgment of conviction.

A factual review of the events preceding the conviction is unnecessary inasmuch as the defendant does not challenge the sufficiency of the evidence on which the judgment is based, and the proof of guilt of the crimes charged is conclusive.

This appeal is based solely on one factor. During the course of the trial, the criminalist called by the prosecution was asked on cross-examination: ''Botanically speaking, sir, is marijuana a narcotic?'' An objection was interposed on the ground that the Legislature has designated marijuana a narcotic. (Health & Saf. Code, § 11001, subd. (d).) Defense counsel declined argument and the trial judge sustained the objection.

On appeal, it is conceded that the Legislature under a proper exercise of its police power may declare the possession or sale of marijuana to be a *crime.* However, it is urged that the Legislature, by classifying marijuana as a *narcotic,* was able to obtain public support for the ''excessive punishment'' it prescribed for the possession or sale of marijuana and that such classification is unreasonable. Stated in another form, defendant urges that the punishment prescribed for the possession or sale of marijuana is excessive because, it is argued, marijuana is not a narcotic.

Questions of a similar nature have been raised in other jurisdictions and whenever the issue has been presented it has been uniformly held that marijuana is a narcotic drug for purposes of statutory interpretation. (*Spence* v. *Sacks,* 173 Ohio St. 419 [183 N.E.2d 363] ; *People* v. *Stark,* 157 Colo. 59 [400 P.2d 923] ; *Gonzales* v. *State,* 163 Tex.Crim.Rep. 432 [293 S.W.2d 786] ; *State* v. *Jackson,* —— Del. —— [239 A.2d 215] ; *Commonwealth* v. *Leis,* —— Mass. —— [243 N.E.2d 898] ; *Escobio* v. *State* (Fla.) 64 So.2d 766; *United States* v. *Ford Coupe Automobile,* 83 F.Supp. 866.)

Moreover, defendant claims only that the punishments

imposed for violation of the marijuana laws are "excessive." The fixing of penalties for crimes is a legislative rather than a judicial function. (*In re Anderson,* 69 Cal.2d 613, 632 [73 Cal.Rptr. 21, 447 P.2d 117]; *People* v. *Wade,* 53 Cal.2d 322, 336 [1 Cal.Rptr. 683, 348 P.2d 116]; *People* v. *Tanner,* 3 Cal.2d 279, 298 [44 P.2d 324]; *People* v. *Cuellar,* 262 Cal. App.2d 766, 770 [68 Cal.Rptr. 846]; *People* v. *Quilon,* 245 Cal.App.2d 624, 629 [54 Cal.Rptr. 294]; *People* v. *Olson,* 173 Cal.App.2d 535, 536-537 [343 P.2d 379]; *In re Finley,* 1 Cal. App. 198, 201 [81 P. 1041].)

We further note that the statutes dealing with marijuana have repeatedly withstood attacks concerning their constitutionality, including claims that the statutes violate the due process and equal protection clauses and that the punishments prescribed are cruel and unusual. (See *People* v. *Oatis,* 264 Cal.App.2d 324 [70 Cal.Rptr. 524]; *People* v. *Cuellar, supra; People* v. *Aguiar,* 257 Cal.Rptr.2d 597 [65 Cal.Rptr. 171]; *People* v. *Keller,* 245 Cal.App.2d 711 [54 Cal.Rptr. 154]; *People* v. *Quilon, supra; People* v. *Glaser,* 238 Cal.App. 2d 819 [48 Cal.Rptr. 427]; *People* v. *Mardsen,* 234 Cal.App.2d 796 [44 Cal.Rptr. 728].) The trial court did not err in sustaining the objection.

Judgment affirmed.

Kerrigan, J., and Tamura, J., concurred.