STATE, Respondent, v. WEIDNER, Appellant.

*No. State 123.  Argued May 1, 1970.—Decided June 2, 1970.*
(Also reported in 177 N. W. 2d 69.)

For the appellant there was a brief and oral argument by *Edward R. Kaiser* of Eau Claire.

For the respondent the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

CONNOR T. HANSEN, J. The defendant argues that sec. 161.275, Stats.,[1] is unconstitutional because (1) it results

[1] "Marijuana, possession and use; evidence; penalties. (1) It is unlawful for any person to grow, cultivate, mix, compound, have control of, prepare, possess, prescribe, sell, give away, administer or dispense marijuana or hemp or the leaves or seeds thereof, or

in total prohibition of marijuana; (2) the classification of marijuana as a narcotic drug is unreasonable; (3) putting possession in the same category as manufacture, growing, sale and distribution is unreasonable; and (4) the penalty is excessive.[2]

The challenge to the constitutionality of sec. 161.275, Stats., was not brought before the trial court and is raised for the first time on appeal to this court. However, as a general rule, the constitutionality of a statute cannot be questioned for the first time on appeal.

"It is a rule of general application that the constitutionality of a statute cannot be first questioned on appeal, and this is especially true when the constitutionality of a statute depends on questions of fact as well as of law. Thus, the contention that a statute is unconstitutional because of irregularities in its passage cannot be urged for the first time on appeal.

"Under various circumstances, however, the constitutionality of a statute may be first considered on appeal, . . . Likewise, where the issue raises a matter of public policy or concern, constitutionality may be considered, although raised for the first time on appeal. Also, where the question of constitutionality involved is one of jurisdiction of the subject matter, since jurisdiction of subject matter cannot be waived or conferred by the parties, the court may consider the question for the first time on appeal. . . ." 4 C. J. S., *Appeal & Error,* pp. 700–704, sec. 234.

"In order to try a person for the commission of a crime, the trial court must have jurisdiction of both the subject

---

any infusion of marijuana or hemp, or of its leaves or seeds, for beverage or smoking purposes. Any person violating this subsection shall be punished as provided in s. 161.28 (1).

"(3) No person shall use marijuana or hemp or the leaves or seeds thereof, or any infusion of marijuana or hemp or of its leaves or seeds, for smoking or beverage purposes. The possession of marijuana or hemp or the leaves or seeds thereof in a form suitable for smoking shall be prima facie evidence that it is intended for smoking purposes. Any person violating this subsection shall upon conviction be imprisoned not more than 5 years."

[2] Sec. 161.28, Stats.

matter and the person of the defendant. . . ." *State ex rel. La Follette v. Raskin* (1966), 30 Wis. 2d 39, 45, 139 N. W. 2d 667.

". . . Criminal jurisdiction of the subject matter is a power of a court to inquire into the charge of the crime, to apply the law, and to declare the punishment in the court of a judicial proceeding and is conferred by law. 21 Am. Jur. (2d), Criminal Law, pp. 398, 399, sec. 376." *Pillsbury v. State* (1966), 31 Wis. 2d 87, 94, 142 N. W. 2d 187.

"Jurisdiction of the subject matter is the power to hear and determine cases of the general class to which the proceedings in question belong; the power to deal with the general subject involved in the action; and means not simply jurisdiction of the particular case then occupying the attention of the court but jurisdiction of the class of cases to which the particular case belongs, the authority to hear and determine both the class of actions to which the action before the court belongs and the particular question which it assumes to determine. 'Jurisdiction over the subject-matter' means the nature of the cause of action and relief sought, and such jurisdiction is conferred by the sovereign authority which organizes the court and is to be sought for in the general nature of the court's powers or in the authority especially conferred on the court. . . ." 21 C. J. S., *Courts,* pp. 36, 37, sec. 23.

Ordinarily, a challenge to the constitutionality of a statute does not involve subject matter jurisdiction.

"Although the constitutionality of a statute may, at times, be a jurisdictional question, such is not generally the case. In the case at bar, no question has been raised that the Immigration and Naturalization Service in any manner lacks jurisdiction over aliens and deportation proceedings. In a somewhat similar situation, *Wong Tai v. United States,* 273 U. S. 77, 47 S. Ct. 300, 71 L. Ed. 545, the Supreme Court did not consider the constitutionality of a statute as a jurisdictional matter which could be raised for the first time on appeal. In that case the defendant, on appeal, attacked the constitutionality of the Act under which he was convicted. The Supreme

Court, at pages 78–79, 47 S. Ct. at page 301, said, 'There was no challenge to the constitutionality of the Opium Act in the District Court. This question was not presented in that court and was neither considered nor determined by it. The objections to the constitutionality of the Act which were set out in the assignment of errors are fully answered in *Yee Hem v. United States*, 268 U. S. 178, 45 S. Ct. 470, 69 L. Ed. 904, decided after this writ of error had been sued out; and the additional objections set forth for the first time in the brief for the defendant in this Court, do not require consideration here.' " *Morgano v. Pilliod* (7th Cir. 1962), 299 Fed. 2d 217, 219.

"That constitutional questions which are nonjurisdictional must be asserted at trial to preserve them for appeal is a well settled doctrine in the Supreme Court, this circuit as well as many other circuits." *United States v. Hoskins* (7th Cir. 1969), 406 Fed. 2d 72, 74.

In the present case, the power of the county court of Eau Claire county to hear criminal cases is substantially the same as circuit courts.[3] The power of the circuit court over criminal cases is founded on the Wisconsin constitution [4] as well as statutes.[5] Thus, the Eau Claire county court had the power to hear and determine the criminal charge brought against the defendant.

With respect to a claim of constitutional right (as opposed to questioning the constitutionality of a statute) this court has stated that failure to raise such an issue in the trial court may result in the question being deemed waived:

"This question was raised for the first time in the briefs that are before us on this appeal. We have frequently said that even the claim of a constitutional right will be deemed waived unless timely raised in the trial court. . . . We have, however, concluded that this court may nevertheless decide a constitutional question not

[3] Sec. 253.12, Stats.
[4] Art. VII, sec. 8.
[5] Sec. 252.03, Stats.

raised below if it appears in the interests of justice to do so and where there are no factual issues that need resolution." *Bradley v. State* (1967), 36 Wis. 2d 345, 359, 153 N. W. 2d 38, 155 N. W. 2d 564.

We find that defendant's arguments have been put forth in other jurisdictions, none of which has held that similar statutes dealing with possession of marijuana are unconstitutional. *Commonwealth v. Leis* (1969), 355 Mass. 189, 243 N. E. 2d 898; *Raines v. State* (Fla. 1969), 225 So. 2d 330; *People v. Stark* (1965), 157 Colo. 59, 400 Pac. 2d 923; *People v. Sheridan* (1969), 271 Cal. App. 2d 429, 76 Cal. Rptr. 655.

"After argument and upon consideration of the briefs of the parties and study of the record, we have determined that appellant's contentions are wholly without merit. Marijuana is a harmful, mind-altering drug. It endangers the health of the user and is highly detrimental to the public welfare. This drug is within the category of injurious substances which the Legislature may regulate and prohibit in the exercise of its police power. No fundamental rights of the individual are violated thereby." *Raines v. State, supra,* page 330.

"Questions of a similar nature have been raised in other jurisdictions and whenever the issue has been presented it has been uniformly held that marijuana is a narcotic drug for purposes of statutory interpretation. (*Spence v. Sacks,* 173 Ohio St. 419, 183 N. E. 2d 363; *People v. Stark,* 157 Colo. 59, 400 Pac. 2d 923; *Gonzales v. State,* 163 Tex. Crim. Rep. 432, 293 S. W. 2d 786; *State v. Jackson* (Del.), 239 Atl. 2d 215; *Commonwealth v. Leis* (Mass.), 243 N. E. 2d 898; *Escobio v. State* (Fla.), 64 So. 2d 766; *United States v. Ford Coupe Automobile,* 83 Fed. Supp. 866.)" *People v. Sheridan, supra,* pages 655, 656.

Also, defendant relies heavily (and almost singularly) upon *Stanley v. Georgia* (1969), 394 U. S. 557, 89 Sup. Ct. 1243, 22 L. Ed. 2d 542, wherein the supreme court held that the first and fourteenth amendments prohibit

making mere private possession of certain obscene material a crime. However, the supreme court added the following footnote which renders that decision immaterial to any discussion of sec. 161.275, Stats.:

"What we have said in no way infringes upon the power of the State or Federal Government to make possession of other items, such as narcotics, firearms, or stolen goods, a crime. Our holding in the present case turns upon the Georgia statute's infringement of fundamental liberties protected by the First and Fourteenth Amendments. No First Amendment rights are involved in most statutes making mere possession criminal." *Stanley v. Georgia, supra,* page 568.

Most important, one of defendant's central arguments is the unreasonableness of classifying marijuana as a narcotic drug. Defendant's counsel states: "The classification is demonstrated to be unreasonable also in that marijuana is classified as a narcotic drug which in fact it is not." Thus, what is now being presented to this court is a constitutional question which rests in part on the resolution of a factual issue—yet the question was not brought before the trial court, much less evidence taken on the properties and effects of marijuana. In contrast, other courts which have considered the same issue have done so only after testimony was taken. For example, in *Commonwealth v. Leis, supra,* the Massachusetts Supreme Court had before it a record which included a hearing wherein eighteen expert witnesses testified. In the present case there is no testimony, no evidence, only a reference in defendant's brief on appeal to a "Report on Mind-Altering Substances and their Regulation by Department of Justice Technical Advisory Committee on Drug Abuse." In short, defendant has raised a constitutional question for the first time on appeal which requires the resolution of a factual issue. *Bradley v. State, supra.*

We find no reason why this court should deviate from the general rule and allow defendant in this case to now

question the constitutionality of sec. 161.275, Stats., when he has heretofore failed to raise that issue.

*Withdrawal of guilty plea.*

Defendant argues that his entry of the guilty plea was "improvident" and the result of duress, and states:

"Although it is conceded that the defendant stated that his plea was given with full understanding and without duress nevertheless the defendant was never fully advised that he had a possible constitutional defense to the charge. . . .

"It is submitted that the failure of the defendant to be advised of the possible constitutional defenses combined with the possible maximum penalty of ten years for the first offense constituted undue duress and psychological pressure which was inherent in the entry of the plea and negated such voluntariness as was asserted. . . ."

Defendant's argument is inconsistent in that he first concedes the guilty plea was entered free of duress and then in the next paragraph argues the plea was the subject of duress. With respect to the psychological pressure of the possible ten-year sentence, this is the type of pressure (maximum sentence possible) which plays a role in every plea agreement, and the record shows there was such an agreement in this case. The trial court properly advised the defendant of the possible sentence before accepting the plea of guilty.

The claim that the plea of guilty is "improvident" because defendant was never fully advised of possible constitutional defense goes to the question of competency of counsel:

"In *State v. Reppin* [(1967), 35 Wis. 2d 377, 151 N. W. 2d 9] this court adopted the 'manifest injustice' test which provided that a defendant would be permitted to withdraw his plea of guilty if he could prove by clear and convincing evidence that his plea was made under any of the following nonexhaustive situations:

" '(1) [H]e was denied the effective assistance of counsel guaranteed to him by constitution, statute, or rule;

" '(2) the plea was not entered or ratified by the defendant or a person authorized to so act in his behalf;

" '(3) the plea was involuntary, or was entered without knowledge of the charge or that the sentence actually imposed could be imposed; or

" '(4) he did not receive the charge or sentence concessions contemplated by the plea agreement and the prosecuting attorney failed to seek or not to oppose these concessions as promised in the plea agreement.' " *State v. Wolfe* (1970), 46 Wis. 2d 478, 484, 175 N. W. 2d 216, 219.

"An accused cannot follow one course of strategy at the time of trial and if that turns out to be unsatisfactory complain he should be discharged or have a new trial. In *Pulaski* [23 Wis. 2d 138, 148, 126 N. W. 2d 625, 631], we said 'Often after trial, charges of incompetency are directed toward counsel because it appears other tactics than those chosen might have been more helpful to the accused. Criminal as well as civil cases cannot be retried at the instance of the loser because he is more hopeful of success on a second try. Unless the representation of counsel is so inadequate and of such low competency as to amount to no representation, a new trial cannot be granted on that ground. If something less than the highest degree of skill and competency of counsel were a ground for a new trial, nothing would prevent the accused in the first instance from hiring competent counsel but admittedly not the most skillful in order to assure himself of a second opportunity for acquittal. Such a rule would lead to great abuse and could not be justified in the interest of justice.' " *Cross v. State* (1970), 45 Wis. 2d 593, 605, 173 N. W. 2d 589, 596.

We find no grounds for establishing incompetency of counsel and agree with the trial court's determination that there has been no showing of manifest injustice.

*By the Court.*—Judgment and order affirmed.