BRUCE E. SCHROEDER, District Attorney, Kenosha County
You ask whether judges and court commissioners have power, prior to the filing of a criminal complaint, to release on bail persons arrested for commission of a felony.
I have concluded that they do.
In order to act in criminal proceedings judicial officers must have jurisdiction both of the subject matter and of the person of the defendant. Cf. State v. Weidner (1970), 47 Wis.2d 321, 323,324, 177 N.W.2d 69.
Jurisdiction of the subject matter is the power to hear and determine matters of the general class to which the proceedings in question belong. Id., 324. That power derives from the constitution and statutes of this state. Id., 325.
Section 969.03 (1), Stats., grants to judges[1] the power to release on bail a "defendant charged with a felony." Section969.02 (1), Stats., similarly provides that a "judge may release a defendant charged with a misdemeanor . . ." *Page 103 
On first reading these statutes might seem to empower judicial officers to hear and determine requests for release on bail only after an arrestee has been formally charged by complaint or other process with a crime of a particular grade.
In the criminal law, however, "charge" can mean an accusation or oral charge as well as a formal complaint, indictment or information. Black's Law Dictionary (Rev. 4th Ed.), "charge," pp. 294, 295. It is apparent from the bail provisions as a whole that, as used in the above subsections, "charged" means an accusation or oral charge as well as a formal complaint, indictment or information.
Both statutes establishing the power of judicial officers to release on bail further provide in part that
 "Once bail has been given and a charge is pending or is thereafter filed or transferred to another court, the latter court shall continue the original bail in that court subject to s. 969.08." (Emphasis added.) Secs. 969.02
(3) and 969.03 (2), Stats.
The legislature thus contemplated and dealt with the situation in which the charge is filed after bail has been given. This indicates an intent that bail is proper prior to the filing of charges.
Additional evidence of such intent is found in sec. 969.01 (1), Stats., which mandates that:
 "Before conviction, a defendant arrested for a criminal offense shall be admitted to bail, except as provided in s. 971.14 (1)." (Emphasis added.)
The supreme court has indicated, albeit in dictum, that an accused otherwise entitled to bail is entitled to bail upon his arrest. Gaertner v. State (1967), 35 Wis.2d 159 165,150 N.W.2d 370. It would be anomalous if an accused were entitled to be admitted to bail on arrest but no judicial officer had power to admit to bail prior to a complaint being filed where the arrest is effected without a complaint-based warrant. See gen. sec.968.04 (1) (a), Stats.
Statutes should be construed to avoid such anomalies, and to accomplish the object of the bail provisions, see gen. Ortman v.Jensen and Johnson, Inc. (1975), 66 Wis.2d 508, 520,225 N.W.2d 635. The phrase "charged with a felony," or misdemeanor, in *Page 104 
the statutes establishing the power of judicial officers to set bail, must be construed to mean, not formally charged, but simply, in accord with an accused's right to bail, "arrested for a criminal offense," i.e., accused or orally charged with a crime, of the specified grade.
Since the legislature intended that bail could be given prior to the filing of charges, it follows that it also intended that judicial officers have power, prior to the filing of charges, to set bail, and release a defendant informally charged with, i.e., arrested for, a felony. Cf. Hoeffner v. United States (8th Cir. 1898), 87 F. 185, 187, 30 C.C.A. 60; 8 C.J.S., Bail, sec. 39b (4), p. 107.
Failure to file a complaint does not otherwise affect a judicial officer's subject matter jurisdiction, derived from statute. Gaertner v. State, supra, 164.
Personal jurisdiction attaches in a criminal proceeding when an accused appears before a judicial officer voluntarily or pursuant to a properly issued warrant or summons, or is lawfully arrested without warrant. Cf. State v. Chabonian (1972), 55 Wis.2d 723,726, 201 N.W.2d 25; sec. 968.04 (1), (2), Stats.
When a defendant is arrested on a warrant or summons, a complaint already will have been filed, and the question of jurisdiction you present will not arise, see secs. 968.02 (2) and968.04 (1), (2), Stats. Lack of probable cause for arrest goes to the question of jurisdiction over the person. Thus, if there is lack of probable cause a problem of jurisdiction over the person might arise. See Lampkins v. State (1971), 51 Wis.2d 564, 570,187 N.W.2d 164; State ex rel. La Follette v. Raskin (1966),30 Wis.2d 39, 45, 139 N.W.2d 667.
A complaint plays no part in the attachment of personal jurisdiction when the arrest is effected without a warrant. SeePillsbury v. State (1966), 31 Wis.2d 87, 91, 92, 142 N.W.2d 187; sec. 968.04 (1) (a), Stats. Nor does it play any part when personal jurisdiction is acquired by the voluntary appearance of the accused. Failure to file a complaint in these situations, therefore, is immaterial to the judicial officer's acquisition of jurisdiction of the person of the accused.
 "Bail is the by-product of custody. The power to admit to bail is inherent in the court so long as the prisoner is in its custody." State v. Chisholm (1971), 29 Conn. Sup. 339, 287 A.2d 389, 390. *Page 105 
The power to release on bail persons arrested for commission of a felony should not be exercised in a vacuum. Both the supreme court and the legislature have identified a number of factors that properly should be considered by a judicial officer in determining the amount of bail, among which are the nature and gravity of the offense, the potential penalty the defendant faces, and the strength of the evidence. Whitty v. State (1967),34 Wis.2d 278, 286, 149 N.W.2d 557; sec. 969.01 (4), Stats.
It will be difficult, if not impossible, for a judicial officer to consider these factors if a complaint stating or implying them has not been filed. In that situation consultation with a member of the prosecutor's staff prior to determining the amount of bail will obviate any appearance of abuse of discretion for failure to consider such factors.
If a judicial officer, in a particular case, declines to consult with the district attorney, and the district attorney disagrees with that officer's determination of the amount of bail, the state's remedy is to petition the judge before whom the case is pending, after a complaint has been filed, to alter the amount of the bail, or the conditions of the bond. Sec. 969.08
(1), Stats.
If a pattern of setting what the district attorney considers too low bail develops, especially if a particular judicial officer engages in the practice, the system for setting bail adopted in Milwaukee county might be considered. In Milwaukee, court commissioners do not set bail in felony cases, nor do judges on an ad hoc basis. Rather when the courts are not in regular session, bail in felony cases is set at the request of the defendant by the duty judge for the week, who is determined on a rotational basis. See Michael D. Goulee, Pretrial Release—BailProcedures, 32 Gavel no. 4, p. 23 (1972).
BCL:TJB
[1] A "judge" is a judge of a court of record, and, for the purpose of setting bail, inter alia, includes a court commissioner. Sec. 967.02 (6), Stats.